**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 16 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JIMMY LYN FARRELL,

Plaintiff-Appellant,

v.

B.B. CAMPBELL, a/k/a Beatrice
Campbell; JIM E. HAMILTON, a/k/a
Mike Addison; DEPARTMENT OF
CORRECTIONS, STATE OF
OKLAHOMA, a/k/a Ron Ward,

Defendants-Appellees.

No. 00-7128

(E.D. Oklahoma)

(D.C. No. 00-CV-76)

---

**ORDER AND JUDGMENT** [*]

---

Before **HENRY** , **BRISCOE** and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the

determination of this appeal.     See Fed. R. App. P. 34(a)(2)(c); 10th Cir. R.

34.1(G).  The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Jimmy L. Farrell is an Oklahoma state prisoner incarcerated at the Jim E. Hamilton Correctional Center in Hodgen, Oklahoma. He is proceeding pro se and in forma pauperis and appeals the district court's grant of defendants' motion to dismiss his complaint as frivolous under 28 U.S.C. § 1915(e). Mr. Farrell's complaint, filed pursuant to 42 U.S.C. § 1983, claims that his right of access to the courts was violated because he was not provided adequate access to a prison law library and was treated rudely by library personnel. As a result, he alleges that he was unable to pursue litigation he had pending in federal court. He seeks $50,000 in damages and also requests injunctive relief, specifically that the law library remain open until 10:00 p.m. during the week and that access to the law library be provided on weekends. See Rec. doc. 4, at ¶ G (Amended Complaint, filed Feb. 17, 2000).

The district court first determined that Mr. Farrell failed to make any colorable argument that he had exhausted administrative remedies pursuant to 42 U.S.C. § 1997e(a) of the Prisoner Litigation Reform Act. The court then dismissed the complaint on another ground, i.e., that Mr. Farrell failed to demonstrate actual injury. See Lewis v. Casey, 518 U.S. 343, 351 (1996) (noting that "the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim"). The district court determined Mr. Farrell's

-2-

allegations were conclusory and frivolous and did not rise to the level of a constitutional violation.

We review de novo a dismissal under Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim, accepting the facts pleaded as true. See Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). A Rule 12(b)(6) dismissal is upheld only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (internal quotation marks omitted).

Mr. Farrell alleges he filed five grievances, labeled "Requests to Staff," but received no response from the Department of Corrections. He also contends that there are no other administrative remedies he can pursue at the facility. We need not probe further into the availability of administrative remedies because, to state a claim for denial of access to the courts, Mr. Farrell must allege that any denial or delay of access to the court prejudiced him in his pursuit of litigation. See Treff v. Galetka, 74 F.3d 191, 194 (10th Cir. 1996) (citing Twyman v. Crisp, 584 F.2d 352, 357 (10th Cir. 1978) (denial); and Kincaid v. Vail, 969 F.2d 594, 603 (7th Cir. 1992) (delay)).

Under Lewis, to raise an access-to-court violation, a prisoner must demonstrate actual injury. See Lewis, 518 U.S. at 348-49. A prisoner "cannot establish relevant actual injury simply by establishing that his prison's law library

or legal assistance program is subpar in some theoretical sense." Id. at 351.

Rather, the prisoner "must go one step further and demonstrate that the alleged

shortcomings in the library or legal assistance program hindered his efforts to

pursue a legal claim." Id.

Mr. Farrell's allegation of actual injury is that he was unable to pursue

pending litigation because of the law library's restricted hours. "[R]estricted

access to the law library is not per se denial of access to the courts." Twyman ,

584 F.2d at 357. Mr. Farrell's sweeping allegation of actual injury is too

conclusory to demonstrate that the denial of legal materials actually hindered his

efforts to pursue any nonfrivolous claim. See Hall v. Bellmon , 935 F.2d 1106,

1110 (10th Cir. 1991) (noting that, although pro se pleadings are liberally

construed, conclusory allegations will not suffice). For example,

> He might show . . . that a complaint he prepared was dismissed for
> failure to satisfy some technical requirement which, because of
> deficiencies in the prison's legal assistance facilities, he could not have
> known. Or that he had suffered arguably actionable harm that he
> wished to bring before the courts, but was so stymied by inadequacies
> of the law library that he was unable even to file a complaint.

Lewis , 518 U.S. at 351 (internal quotation marks and citations omitted).

Because Mr. Farrell has not alleged sufficient injury from the alleged

inadequate access to the courts, his allegations fail to state a claim upon which

relief may be granted. Accordingly, we affirm the district court's dismissal. The

district court's dismissal counts as a "prior occasion" for the counting purposes of

28 U.S.C. § 1915(g).   See Jennings v. Natrona County Det. Ctr. Med. Facility      ,
175 F.3d 775, 780 (10th Cir. 1999) (holding that for purposes of counting strikes
under 28 U.S.C. § 1915, an affirmance of a district court dismissal would count as
a single strike, whereas a dismissal of an appeal from a district court dismissal
may count as a second strike in addition to the strike for the original dismissal).
Mr. Farrell is reminded of his obligation to continue making partial payments of
appellate costs and fees until paid in full.


                              Entered for the Court,



                              Robert H. Henry
                              Circuit Judge