**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 31, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHN PAUL SHERIDAN,

      Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

      Defendant-Appellee.

No. 06-2181
(D.C. No. 04-1345-FHS)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **EBEL** and **TYMKOVICH**, Circuit Judges.

Plaintiff-Appellant John Paul Sheridan appeals the district court's dismissal

of his *pro se* civil action against the United States, which — liberally construed

— alleges constitutional violations committed by various New Mexico state and

county officials. Because we conclude that the district court erred in construing

Mr. Sheridan's complaint as proceeding only against the United States, and

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

thereby disposing of the complaint strictly on grounds of sovereign immunity, we remand the case for further proceedings.

Mr. Sheridan's complaint, though difficult to follow, largely consists of a narrative description of his misadventures through New Mexico state and county police, court, and corrections systems between 1994 and 1997. During this period, he alleges that his constitutional rights were violated by parties including New Mexico State Police officers, New Mexico district court judges, Socorro County Sheriff's officers, the staff of New Mexico Corrections Department prisons, and multiple state public defenders. The caption of his complaint, however, named only the United States of America as defendant. Because none of the violations alleged by Mr. Sheridan directly involved the federal government or any federal official, the district court construed Mr. Sheridan's complaint as "an oblique reference to constitutional violations committed by the United States for its failure, through its agencies and employees, to investigate and rectify the alleged constitutional violations committed by the various state officials." The United States responded to Mr. Sheridan's complaint by moving to dismiss on the basis of sovereign immunity, and, after Mr. Sheridan failed to respond, the district court granted the motion to dismiss on this ground.[1]

_____

[1]The district court noted in its order that, under its local rules, Mr. Sheridan's failure to reply to the United States' motion to dismiss constituted his consent to the court's granting of the motion irrespective of its merits. D.N.M. LR-Civ. 7.1(b). The district court did not grant dismissal on this procedural

(continued...)

- 2 -

Because Mr. Sheridan brought his complaint against the United States *pro se*, we review his pleadings liberally and under a less stringent standard than applied to pleadings drafted by attorneys.  See Haines v. Kerner, 404 U.S. 519, 520 (1972); Johnson v. Johnson, 466 F.3d 1213, 1214 (10th Cir. 2006) (per curiam).  In particular, "in a *pro se* case when the plaintiff names the wrong defendant in the caption . . . courts may look to the body of the complaint to determine who the intended and proper defendants are."  Trackwell v. United States Gov't, ___F.3d___, 2007 WL 30035 at *1 (10th Cir. Jan. 5, 2007) (italics added); see also Johnson, 466 F.3d at 1215 ("Despite [the *pro se* plaintiff]'s attempts to identify the unnamed officers and the district court's recognition that he accused unnamed MCPD officers of false arrest, the district court construed this claim as one against only the MCPD.  By not construing this claim also as one against the unnamed officers, the district court erred.").

Insofar as Mr. Sheridan's complaint named the United States as a defendant, the district court correctly dismissed the claims against it.  "It is

---

[1](...continued)
ground, however, instead basing its dismissal on sovereign immunity grounds raised in the motion.  Because the district court retains discretion under local rule 7.1(b) in determining whether to grant a motion to which the opposing party has failed to respond, we cannot rely on this rationale as an alternative ground for affirming the district court's dismissal.  See Ashby v. McKenna, 331 F.3d 1148, 1151 (10th Cir. 2003) ("[W]ith respect to a matter committed to the district court's discretion, we cannot invoke an alternative basis to affirm unless we can say as a matter of law that it would have been an abuse of discretion for the trial court to rule otherwise." (quotation omitted)).

axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." United States v. Mitchell, 463 U.S. 206, 212 (1983). Such consent may not be implied, but must be "unequivocally expressed." United States v. Nordic Village, Inc., 503 U.S. 30, 33-34 (1992); United States v. King, 395 U.S. 1, 4 (1969). The United States, however, has not waived its sovereign immunity for constitutional tort claims. See F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994) (holding that sovereign immunity precludes damage claims for constitutional violations against the United States government).

However, liberally construed, we read Mr. Sheridan's complaint as also seeking to hold the New Mexico state and county officials identified in his narrative responsible for violating his constitutional rights. First, we note that the bulk of the complaint is devoted to listing the wrongs allegedly visited upon him by these state officials. Second, the complaint is devoid of allegations directly implicating federal officials or United States agencies. Third, and most revealingly, Mr. Sheridan concludes his complaint by asking the district court for "a Federal Investigation and against all defendants and I would ask that these defendants be held responsible for their actions and prosecuted [sic generally]." He also asks the court for damages of $700,000, "for petitioners [sic] pain and suffering due to all defendants stated above." The context of these requests makes clear that by "defendants," Mr. Sheridan is referring to the state and county

- 4 -

officials he believes violated his constitutional rights — not the United States government. Thus, we conclude that the district court should have construed Mr. Sheridan's *pro se* complaint as he appears to have intended it: as an action against the New Mexico state and county officials described in the complaint, seeking to hold them liable for violating his constitutional rights. See Trackwell, ___F.3d___, 2007 WL 30035 at *1. The most appropriate vehicle for these claims appears to be 42 U.S.C. § 1983, and we therefore construe the complaint as invoking this statutory cause of action. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[I]f the court can reasonably read the pleadings to state a valid claim on which the [*pro se*] plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.").

Based on the above, we hold that the district court erred by construing Mr. Sheridan's *pro se* complaint strictly according to its caption and dismissing it under this construction because he named the United States as the sole defendant. Instead, "look[ing] to the body of the complaint to determine who the intended and proper defendants are," Trackwell, ___F.3d___, 2007 WL 30035 at *1, Mr.

Sheridan clearly intended to include New Mexico state and county officials as defendants.[2]

Accordingly, we AFFIRM the district court's dismissal of Mr. Sheridan's claims against the United States but REMAND for further proceedings on Mr. Sheridan's claims against the appropriate New Mexico state and county officials. We express no opinion on the merits of these claims. On remand, Mr. Sheridan should be given an opportunity to amend his complaint to name the proper defendants. See Johnson, 466 F.3d at 1215-16.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

---

[2]We mean to express no criticism of the district court for having failed to follow Trackwell and Johnson, since both opinions were issued subsequently to that court's order of dismissal. Nevertheless, we are bound to apply the law in effect at the time of our decision on appeal, even if that law is newly-minted. See Davidson v. America Online, Inc., 337 F.3d 1179, 1184 (10th Cir. 2003) ("Where a change in law occurs while a case is on appeal, we apply the law in effect at the time of our decision.").