**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 27 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

JIMMY LYN FARRELL,

Plaintiff-Appellant,

v.

J.E. HAMILTON CORRECTIONAL
CENTER; OKLAHOMA
DEPARTMENT OF CORRECTIONS,

Defendants-Appellees.

No. 00-7100
(D.C. No. 99-CV-535-B)
(E.D. Okla.)

ORDER AND JUDGMENT  *

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff/appellant Jimmy Lyn Farrell, pro se, appeals from dismissal of his civil rights complaint brought under 42 U.S.C. § 1983. Reviewing the complaint under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the district court concluded that it failed to state a claim for which relief may be granted and that it was frivolous. Our jurisdiction arises under 28 U.S.C. § 1291, and we reverse and remand for further proceedings.

We conduct de novo review of a dismissal made pursuant to § 1915(e)(2)(B) and/or Rule 12(b)(6) for failure to state a claim. *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). Dismissal of Mr. Farrell's pro se complaint is proper only if it is obvious he cannot prevail on the facts alleged *and* it would be futile to give him an opportunity to amend. *Id.* In determining if dismissal is proper, we liberally construe the complaint; accepting its allegations as true and construing those allegations, and any reasonable inferences drawn therefrom, in the light most favorable to Mr. Farrell. *Id.*

Mr. Farrell was transferred to the Jim E. Hamilton Correctional Center (JEHCC) on September 16, 1999. In his initial pleading entitled "Civil Rights Complaint," Mr. Farrell named the "Jim E. Hamilton Correctional Center, et al." and "Oklahoma Department of Corrections, et al." as defendants. R. Doc. 4 at 1. The complaint states that when he was delivered to JEHCC, officers in dorm 3B assigned him to a top bunk despite the fact that he showed them a signed Medical

Services statement from doctors at the former correctional facility providing that, "based upon medical examination and/or medical record review," he should be placed permanently on a bottom bunk. *Id.* at 3 and Ex. 2. Mr. Farrell needed a bottom bunk because he had three pins and arthritis in his hip and he had "a hard time getting up and down from the top bunk." *Id.* at 5. He alleged that the officers refused to accept the medical restriction or to look at his medical records and told him he would have to see a doctor at JEHCC in order to get a top bunk. He stated that he slipped off the top bunk three times between September 16 and September 22, and that his hip and leg started "giving him problems." *Id.* at 7. He also stated that being forced to climb to the top bunk six times a day for "count" caused him a lot of pain. *Id.* at 8.

The complaint further alleges that on September 17, officers at JEHCC placed him on a heavy outdoor work detail, climbing hills, breaking rock on uneven ground, and felling trees and pulling them down the hills. *Id.* at 3. He states that he told the officers about his hip. *Id.* He states he could not work on uneven ground because it hurt too badly and that his medical records would confirm that, but the officers would not look at the records. He states that doctors had told him that if he pulled a pin out, he would have to have a hip replacement. *Id.* at 4.

-3-

The complaint and supporting documents show that on September 21, a doctor at JEHCC examined Mr. Farrell and issued a medical restriction placing him on a bottom bunk permanently, restricting jobs to those in which he could work on level ground, and stating that he could not participate in exertional or individual sports. *Id.* Ex. 1. Mr. Farrell claims that even after the doctor at JEHCC prescribed both a bottom bunk and work on level ground, officers forced him to continue working at the hilly site and sleeping on the top bunk, even though a bottom bunk became available on September 21st. *Id.* at 5-6. He claimed that he suffered pain from climbing and being forced to walk and work on uneven ground. *Id.* at 7. When Mr. Farrell mailed this complaint on September 28, apparently he was still being forced to sleep on top bunks and perform hard labor on the hillsides; the only relief he requested was that officers at JEHCC be required to follow the medical restrictions so that he would have relief from the pain caused by climbing hills and bunks. *See id.* at 8-9. Thus, the complaint was one brought for injunctive relief.

On October 6, 1999, the district court issued an order requiring Mr. Farrell to submit a "proper Civil Rights Complaint" on forms provided by the court. Mr. Farrell filled out the form, the court granted in forma pauperis status pursuant to 28 U.S.C. § 1915, and the court entered an order directing service on defendants. In this second complaint, Mr. Farrell referred to his previously-filed

"brief," R. Doc. 6 at 2, and he stated that officer Brown was the crew boss who forced him to climb up and down hills cutting trees and breaking rocks, and that he suffered cruel and unusual punishment. He also stated that putting him on the top bunk despite the medical restrictions could have caused the pins in his hip to break, which was cruel punishment. *Id.* at 3. He stated that "this went on for 2 weeks and when you told Mr. Puttman he would get mad at you and state I give you a write up. If you can't work." *Id.* The relief he requested in the second complaint was "time cut or in money and my level 4 back time loss given back and shipping me back to Jess Dunn C.C." *Id.* at 6. Because it appears that Mr. Farrell has now been assigned to a bottom bunk and has been taken off the "uneven ground" work detail, only his claim for money damages is at issue.

After service of process, defendants moved to dismiss Mr. Farrell's claims against them on only one ground: that JEHCC and the Oklahoma Department of Corrections were state agencies and therefore entitled to Eleventh Amendment immunity. In his objections to dismissal, Mr. Farrell stated that the officers at JEHCC would not give him a pass to go to the law library so that he could research his case, but that it did not seem to him that the defendants could ignore

doctor's orders, violate the Eighth Amendment, and get away with it.[1] R. Doc. 16 at 1-2. He also filed a motion for appointment of counsel, which the court denied. The district court granted defendants' motion to dismiss.

In the order dismissing the suit, however, the district court also determined sua sponte that the complaint was frivolous under § 1915(e)(2)(b)(ii), holding that "the allegations in plaintiff's complaint are vague and conclusory, and the allegations do not rise to the level of a constitutional violation. . . . [B]ald conclusions, unsupported by allegations of fact, are legally insufficient." R. Doc. 19 at 2-3. Insofar as the district court may have considered only the allegations contained in the "Civil Rights Complaint" form the court ordered to be filed on October 26, 1999 and not the allegations of Mr. Farrell's original complaint filed on October 6, 1999, the court erred in failing to consider the second pleading as a supplement to the first.

> [I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of

---

[1] Mr. Farrell filed a separate suit for denial of access to the courts claiming he was not provided adequate access to the law library and was unable to pursue this litigation. The district court dismissed the claim as frivolous, and this court affirmed that dismissal because he had not alleged actual injury by showing that his claim had been "dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known." *Farrell v. Campbell*, No. 00-7128, 2001 WL 378256, at *2 (10th Cir. Apr. 16, 2001) (unpublished order and judgment) (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996)).

various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Our review of the two complaints shows that Mr. Farrell alleged specific facts indicating that, for at least a two-week period, JEHCC officials were deliberately indifferent to his serious medical needs and restrictions as diagnosed and prescribed by medical doctors, and that their actions caused him needless pain and suffering and the risk of permanent harm. Those allegations, if proved, would establish a violation of the Eighth Amendment's prohibition against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976) (concluding that a prison guard's deliberate indifference to or intentional interference with prescribed treatment for prisoner's serious medical needs resulting in pain constitutes the "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment). Of course, by making this statement we express no opinion on Mr. Farrell's ability to ultimately prevail on the merits. Dismissal of plaintiff's claims as frivolous under § 1915(e)(2)(B)(ii), however, must be reversed.

Mr. Farrell obviously did not understand then, or on appeal, that in order to state a claim for monetary damages under § 1983 regarding allegedly unconstitutional state prison conditions, he can not sue the correctional facility or department of corrections but must name the specific individual officers (or "John or Jane Doe," if he does not know the officers' names) in their individual

capacities as defendants in the style of the case instead of identifying them only in the body of the complaint and using the words "et al." in the style of the complaint. JEHCC's and the Oklahoma Department of Correction's motion to dismiss did not request dismissal of the entire cause of action; it requested only that Mr. Farrell's claims against "these Defendants" be dismissed. The district court erred by sua sponte dismissing *all* claims with prejudice without giving Mr. Farrell a meaningful opportunity to amend his complaint to cure what appears to be a patently technical defect, especially in light of the court's refusal to appoint counsel. *See Perkins*, 165 F.3d at 806; *Dayse v. Schuldt*, 894 F.2d 170, 174 (5th Cir. 1990) (holding that "[w]hen a pro se plaintiff's suit raises a constitutional claim, but he has inadvertently sued the wrong parties, he should [be] given leave to amend to sue the appropriate party or parties.").

REVERSED and REMANDED for further proceedings.

Entered for the Court

Mary Beck Briscoe
Circuit Judge