**F I L E D**
**Tenth Circuit**

PUBLISH

**October 31, 2006**

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

EDWARD ARLEN JOHNSON,

Plaintiff-Appellant,

v.

No. 06-4065

ARLEN JOHNSON; STATE OF UTAH; UTA BUS; UTAH STATE PRISON; ZIONS BANK; JUDGE FNU BROWN,

Defendants,

and

MIDVALE POLICE; SHERIFF AARON D. KENNARD, Salt Lake County Jail,

Defendants-Appellees.

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**
**(D.C. No. 2:05-CV-749-TS)**

Submitted on the briefs:*

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Edward Arlen Johnson, pro se.

David L. Church, Blaisdell and Church, Salt Lake City, Utah, for Midvale Police Defendant-Appellee.

T.J. Tsakalos and N.M. D'Alesandro, Salt Lake City, Utah, for Sheriff Aaron D. Kennard Defendant-Appellee.

_____

Before **HENRY**, **ANDERSON**, and **McCONNELL**, Circuit Judges.

_____

**PER CURIAM**.

_____

Plaintiff Edward Arlen Johnson appeals from the district court's judgment dismissing his case pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand.

## I. Background

Mr. Johnson proceeds pro se and in forma pauperis on appeal, as he did in the district court. He filed his civil rights complaint under 42 U.S.C. § 1983 asserting claims based on his arrest by the Midvale City Police Department (MCPD) and subsequent detainment at the Salt Lake County Jail (SLCJ). Much of the complaint is difficult to read or understand. The district court construed it as setting forth two causes of action that could not be dismissed under 28 U.S.C. § 1915(e)(2): (1) false arrest against the MCPD's Chief of Police, Gerald Maughn; and (2) unlawful detention and/or imprisonment against Aaron Kennard,

the Salt Lake County Sheriff, who had ultimate authority over the SLCJ. The district court dismissed the remainder of the claims for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Despite expressing concern about Mr. Johnson's ability to present his claims, the district court denied his motion to appoint counsel "for now." R., Doc. 7 at 2.

Sheriff Kennard moved for a more definite statement pursuant to Fed. R. Civ. P. 12(e), which the district court granted. In his response to that motion, Mr. Johnson stated that Sheriff Kennard was responsible for the safety of the inmates and the actions of his staff during the time Mr. Johnson was in custody in the SLCJ and that the jail staff does not care about prisoner safety. *See* R., Doc. 21 at 1. It appears that Mr. Johnson also tried to provide the name of one of the jail staff, but the name is not clear. *See id.* at 2. He further stated that "the jail staff is treating me like the dead[;] when I came in they harmed me." *Id.* at 4.

Despite the district court's construction of Mr. Johnson's first claim as one against Chief Maughn, the MCPD, not Chief Maughn, filed a motion to dismiss the complaint against it for failure to state a claim upon which relief can be granted under Rule 12(b)(6). Sheriff Kennard also filed a motion to dismiss the complaint against him under Rule 12(b)(6). The district court granted both motions and dismissed the complaint. This appeal followed.

## II. Analysis

We review de novo the district court's dismissal of Mr. Johnson's complaint pursuant to Rule 12(b)(6), accepting all well-pleaded allegations as true and viewing them in the light most favorable to Mr. Johnson. *See Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). Because Mr. Johnson appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991). Dismissal of a pro se complaint under Rule 12(b)(6) for failure to state a claim "is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001) (quotation omitted).

### A. The MCPD's motion to dismiss

The district court granted the MCPD's motion to dismiss because Mr. Johnson had identified no municipal policy or custom the execution of which caused his injury, a requirement for claims against municipalities under *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). Mr. Johnson does not challenge this ruling on appeal, which we affirm without discussion. Instead, he argues that the district court misconstrued his complaint as being against all

police officers of the MCPD whereas his claim is really against only "those who [did] wrong." Aplt. Opening Br. at 5 (page numbered "4").

Although Mr. Johnson's inartful pleadings and other filings rendered the district court's job difficult, we agree with this claim of error. In his complaint, Mr. Johnson states that he was "taken to Jail S.L. County by police two . . . of midval utah" [sic generally]. R., Doc. 3 at 4. In its initial consideration of this claim, the district court stated that Mr. Johnson had "accuse[d] un-named Midvale City Police officers of false arrest" but construed it as a claim against Chief Maughn. *Id.*, Doc. 8 at 2 n.2. In a letter responding to the MCPD's motion to dismiss, Mr. Johnson stated that two officers, one of whom he unclearly identified by name, arrested him after his father had falsely reported that Mr. Johnson had assaulted him and that the officers knew it was a false report. *See id.*, Doc. 24 at 1. In its dismissal order, it appears the district court reinterpreted the claim as one against the MCPD, dropping Chief Maughn. *See id.*, Doc. 31 at 2 n.3 (explaining that the complaint referred to the MCPD, not Chief Maughn, and that the MCPD had filed the motion to dismiss). Despite Mr. Johnson's attempts to identify the unnamed officers and the district court's recognition that he accused unnamed MCPD officers of false arrest, the district court construed this claim as one against only the MCPD. By not construing this claim also as one against the unnamed officers, the district court erred.

The MCPD contends that even if the false arrest claim is construed as a claim against the one officer Mr. Johnson refers to in his appellate brief, whom the MCPD identifies as Ken Yurgelon, the claim fails because Mr. Johnson has alleged no facts showing that there was a lack of probable cause for his warrantless arrest. Although we may affirm a district court's judgment on any basis supported by the record provided that the parties have had an adequate chance to respond, *Ross v. United States Marshal*, 168 F.3d 1190, 1194 n.2 (10th Cir. 1999), we decline to do so here. The MCPD is not asking us to affirm a judgment against it on other grounds but to affirm a judgment the district court did not enter, one against Officer Yurgelon. Whether or not Mr. Johnson has stated a claim against Officer Yurgelon or any other MCPD officers is better left to the district court's consideration upon a proper motion filed by the appropriate defendant(s). Accordingly, we remand for further proceedings on Mr. Johnson's claim of false arrest against the appropriate MCPD officers. We express no opinion on the merits of this claim. On remand, Mr. Johnson should be given an appropriate opportunity to amend his complaint to name the proper defendants. *See Farrell v. J.E. Hamilton Corr. Ctr.*, 12 F. App'x 788, 792 (10th Cir. 2001) (unpublished)[1] (quoting *Dayse v. Schuldt*, 894 F.2d 170, 174 (5th Cir. 1990), for

_____

[1] Under 10th Cir. R. 36.3(B), we cite an unpublished decision only if it has persuasive value with respect to a material issue that has not been addressed by us in a published opinion and it assists in our disposition. Both requirements are met with regard to this case.

the proposition that, "[w]hen a pro se plaintiff's suit raises a constitutional claim, but he has inadvertently sued the wrong parties, he should [be] given leave to amend to sue the appropriate party or parties").

**B. Sheriff Kennard's motion to dismiss**

The district court dismissed the claim against Sheriff Kennard because Mr. Johnson failed to allege that he personally participated in or directed the violation of Mr. Johnson's constitutional rights or "'had actual knowledge of the violation and acquiesced it its continuance.'" R., Doc. 31 at 4 (quoting *Jenkins v. Wood*, 81 F.3d 988, 995 (10th Cir. 1996)). Mr. Johnson has not contested the dismissal as to Sheriff Kennard, and we affirm that ruling without discussion. However, Mr. Johnson does state on appeal that "jail correctional officers harmed [him]." Aplt. Opening Br. at 3 (page numbered "2"). Based on our review of the record, we believe that the district court construed this claim too narrowly.

The record reveals the following. In the caption of his complaint, Mr. Johnson listed one of the defendants as "Salt Lake County Jail and offic[i]als." R., Doc. 3 at 1. He also identified the third defendant as Sheriff Kennard and "officers [sic] staff," *id.* at 2, and claimed he was "at risk of death by . . . jailers [sic] staff," *id.* at 4. In his response to the motion for a more definite statement, he alleged that the "jail staff . . . harmed me," *id.*, Doc. 21 at 4, and it appears he attempted to identify one of the members of the jail staff directly involved in the alleged constitutional deprivation, although the name is

-7-

illegible, *see id.* at 2.  As the district court noted in its dismissal order, Mr. Johnson's response to the motion to dismiss contained "numerous allegations against *unidentified jail officials*," including that they used pepper spray and physical force on him, unfairly punished him, denied him telephone access to a lawyer, denied him access to a bail bondsman, limited his showers, and confined him with someone in jail for murder.  *Id.*, Doc. 31 at 3 (emphasis added). Mr. Johnson also stated that he can prove he was unjustly punished by the sheriff's deputies on more than one occasion.  *See id.*, Doc. 25 at 3.

The district court implicitly treated Mr. Johnson's response to Sheriff Kennard's motion to dismiss in part as an amendment to the complaint, adding new allegations.  Those allegations suggest potential constitutional violations that are different than or in addition to the unlawful detention or false imprisonment claims identified in the district court's original characterization of this claim and that are directed at defendants other than Sheriff Kennard, namely, the unidentified jail officials.  *Compare id.*, Doc. 31 at 3 (considering new allegations) *with id.*, Doc. 8 at 2 (construing complaint).  However, the district court did not construe the new allegations as stating a claim against the unidentified jail officials but only as a claim against Sheriff Kennard.  Under the circumstances, this was in error.  On remand, Mr. Johnson should be given an appropriate opportunity to amend his complaint to name as defendants to this claim the particular jail officials he believes violated his rights.  *See Farrell*,

12 F. App'x at 792 (quoting *Dayse*, 894 F.2d at 174). We express no opinion on the merits of this claim.

## C. Additional matters

Three other matters require our attention. First, Mr. Johnson expresses concern that the district court may not have received all of the letters he sent or filed. However, he has not attached copies of those letters or otherwise described them so that the record can be checked to evaluate his concern. He may explore this issue with the district court, if necessary.

Second, the clerk of this court received a letter and videotape from Mr. Johnson and construed the submission as a motion to supplement the record. According to Sheriff Kennard's opposition to the motion, Mr. Johnson did not serve a copy of the videotape on him, but Sheriff Kennard correctly hypothesized that the videotape depicts an incident that occurred when Mr. Johnson was booked into the SLCJ on November 8, 2005, two months after he filed his complaint in this case. It does not appear that Mr. Johnson filed a motion to supplement his complaint in the district court to include the incident depicted on the tape or otherwise presented the tape to the district court for consideration. The videotape, therefore, is irrelevant to his claims on appeal. We therefore deny the motion to supplement the record.

Finally, in his appellate brief, Mr. Johnson requests this court to give him "the rights to a law[y]er." Aplt. Opening Br. at 5 (page numbered "4"). We note

that Mr. Johnson, as a civil litigant, has no Sixth Amendment right to counsel. *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003) (per curiam). Rather, a court has discretion to request an attorney to represent a litigant who is proceeding in forma pauperis. *See* 28 U.S.C. § 1915(e)(1). The district court denied Mr. Johnson's motion for appointment of counsel, finding that appointment of counsel was not necessary "at this time" because it was not yet clear that Mr. Johnson had "asserted a colorable claim." R., Doc. 7 at 2. In view of the provisional nature of the district court's denial and the fact that we are remanding this case, we deny Mr. Johnson's request. Mr. Johnson may file a new motion for appointment of counsel in the district court or a motion requesting the district court to reconsider his earlier motion if the court does not do so sua sponte.

### III. Conclusion

The judgment of the district court is AFFIRMED IN PART as to the dismissal of the claims against Sheriff Kennard and the MCPD and REVERSED IN PART as to the dismissal of the complaint, and the case is REMANDED for further proceedings consistent with this opinion. Appellant's motion to supplement the record and his request for appointment of counsel are denied.