**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 15, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

TETYANA NAZARUK,

      Plaintiff-Appellant,

v.

eBAY, INC.; ACE COINS,

      Defendants-Appellees,

and

ROBERT BAGANZ,

      Defendant.

No. 06-4228
(D.C. No. 2:06-CV-242-DAK)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **McCONNELL**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

---

Tetyana Nazaruk filed this action against eBay, Inc., Ace Coins, and Robert

Baganz, asserting violations of 42 U.S.C. § 1983 and § 1985. The district court

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

adopted the magistrate judge's recommendation that eBay's motion to dismiss for improper venue be granted because eBay's User Agreement, the operative document governing the relationship between Ms. Nazaruk and eBay, contained a forum-selection clause (Santa Clara County, California) that was both enforceable and mandatory. The court also adopted the magistrate judge's recommendation that Ace Coins' motion to dismiss for failure to state a claim be granted because Ms. Nazaruk's complaint failed to allege facts sufficient to support the elements of a § 1983 or § 1985 claim. This appeal followed.[1]

Liberally construing Ms. Nazaruk's pro se appellate brief, *see de Silva v. Pitts*, 481 F.3d 1279, 1284 n.4 (10th Cir. 2007) (citing *Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998)), she asserts—as far as we can discern—the district court's decision was erroneous because: (1) neither the magistrate judge nor the district court judge was impartial, (2) Mr. Baganz was dismissed without appearing at the hearing on eBay's motion to dismiss, (3) information about corruption, money laundering, and non-payment of taxes was ignored, (4) her request for a protective order was ignored, (5) Ace Coins' attorney did not appear at the hearing on eBay's motion to dismiss, (6) she filed documents "prov[ing] the . . . collusion and cooperation in national [origin] discrimination . . . between

---

[1]    The record does not contain any evidence Ms. Nazaruk served Mr. Baganz with a summons and complaint. Accordingly, the district court dismissed him without prejudice and he is not a party to this appeal.

Ebay inc [sic] and Ace [C]oins," Aplt. Br. at 2, and (7) the "[d]efendants abolished the Constitution of the United States" and discriminated against her based on her national origin, *id.* at 3.

Our jurisdiction arises under 28 U.S.C. § 1291. We review de novo the district court's dismissal for improper venue under Fed. R. Civ. P. 12(b)(3). *See Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 956 (10th Cir. 1992). We apply the same standard of review to the district court's dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006); *see also Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001) ("[D]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." (quotation omitted)). We review for plain error Ms. Nazaruk's contention the district court was not impartial where, as here, no motion to recuse was filed. *See United States v. Nickl*, 427 F.3d 1286, 1297-98 (10th Cir. 2005).

Having reviewed the briefs, the record, and the applicable law pursuant to the above-mentioned standards, we hold Ms. Nazaruk has not identified any reversible error in this case. Accordingly, we **AFFIRM** the judgment of the

district court for substantially the same reasons as stated in the magistrate judge's thorough report and recommendation dated August 24, 2006.

Entered for the Court

John C. Porfilio
Circuit Judge