**F I L E D**

**UNITED STATES COURT OF APPEALS**

**August 30, 2007**

**TENTH CIRCUIT**

CORTEZ NATHANIEL MEADOWS,

Plaintiff - Appellant,

v.

JOHN WHETSEL, Sheriff;
OKLAHOMA COUNTY BOARD OF
COUNTY COMMISSIONERS,

Defendants - Appellees.

No. 07-6034

(W. D. Oklahoma)

(D.C. No. 06-CV-1169-R)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Cortez Nathaniel Meadows filed suit on October 23, 2006, in the United

States District Court for the Western District of Oklahoma against "Sheriff John

Whetsel and the Board of County Commissioners of Oklahoma County [the

Board], et al." R. Doc. 1 at 1. He sought damages under 42 U.S.C. § 1983 for an

alleged unreasonable seizure and false arrest in violation of the Fourth

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Amendment; cruel and unusual punishment, in violation of the Eighth Amendment; and a denial of due process and equal protection, in violation of the Fourteenth Amendment. He further requested that Sheriff Whetsel, an Oklahoma County Sheriff's lieutenant, and several Oklahoma County Sheriff's deputies be suspended pending trial. Sheriff Whetsel and the Board moved to dismiss the complaint for failure to state a claim. The district court granted the motion. Mr. Meadows moved for reconsideration, but the motion was denied. Mr. Meadows now appeals. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

The complaint alleges the following: Mr. Meadows was ordered to leave the Oklahoma County courthouse law library by Oklahoma County Sheriff Lieutenant Grimsley and Oklahoma County Sheriff Deputies Fowler, Pence, and Boatman. He obeyed the order and walked toward the nearest courthouse elevator to leave the building. The officers followed him to the elevators, where Grimsley ordered him to enter an elevator on its way up. Mr. Meadows refused and continued waiting for an elevator going down. Grimsley then grabbed him, shoved him against a concrete wall, and handcuffed him with the assistance of the deputies. Mr. Meadows was released after a brief detention and soon after sought medical treatment for his injuries.

On December 7, 2006, the district court dismissed the claims against Sheriff Whetsel and the Board on several grounds: (1) a claim against the Board

was improper because "'the Sheriff neither reports to, nor is controlled by, the Board,'" R. Doc. 10 at 1 (Dist Ct. Order) (quoting *Jantzen v. Hawkins*, 188 F.3d 1247, 1259 (10th Cir. 1999)); (2) Mr. Meadows "failed to allege any official policy or custom of either Defendant which was the moving force behind any constitutional deprivation" or even that Sheriff Whetsel had made a decision causing such deprivation, *id.*; (3) Mr. Meadows failed to comply with the notice requirements of Oklahoma's Governmental Tort Claims Act (GTCA), Okla. Stat. tit. 51, §§ 156 and 157; and (4) Mr. Meadows failed to respond to the motions, or request an extension of time to respond, as required by a local rule.

Mr. Meadows filed a motion under Fed. R. Civ. P. 60(b) to reconsider the dismissal, stating, among other things, that severe medical problems inflicted by the sheriff's officers had rendered him unable to reply to the motion to dismiss. The district court denied the motion on January 9, 2007, and Mr. Meadows appealed on February 8.

We first must resolve who the proper defendants are in this action. The general rule is that "[i]n the complaint the title of the action shall include the names of all the parties." Fed. R. Civ. P. 10(a). But "in a pro se case when the plaintiff names the wrong defendant in the caption or when the identity of the defendants is unclear from the caption, courts may look to the body of the complaint to determine who the intended and proper defendants are." *Trackwell v. U.S. Government*, 472 F.3d 1242, 1243–44 (10th Cir. 2007). The caption of

Mr. Meadows's complaint states the defendants as "Sheriff John Whetsel and the Board of County Commissioners of Oklahoma County, et al." R. Doc. 1 at 1. The question here is whether any additional defendants—in particular Lieutenant Grimsley or the deputies—are encompassed by the "et al."

Unfortunately, the district court failed to make any inquiries or findings in this regard. But we are confident that Mr. Meadows intended to sue only Sheriff Whetsel and the Board. First, Mr. Meadows sought summonses only for Whetsel and the Board. Second, in the portion of his complaint labeled "Jurisdiction," he lists himself as plaintiff and Whetsel and the Board as defendants, but no other person is named. Third, his appellate brief twice states that he filed his complaint against "Sheriff John Whetsel and the Board of County Commissioners of Oklahoma County," Aplt. Br. at 2, 6, with no mention of "et al" or any other specifically named defendant; and it refers to Whetsel and the Board as "Appellees," *id*. at 2, 9; *see id*. at 7 (referring to "Appellee" Whetsel), but never so refers to Grimsley or the deputies. Finally, the record contains no pleading in which he says that he is seeking relief from anyone besides Whetsel and the Board. Accordingly, we think that the suit is properly construed as against Whetsel and the Board alone, and we consider whether dismissal of the claims against them was proper.

"Dismissal of a pro se complaint under Rule 12(b)(6) for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the

facts he has alleged and it would be futile to give him an opportunity to amend."

*Johnson v. Johnson*, 466 F.3d 1213, 1214–15 (10th Cir. 2006) (internal quotation

marks omitted). We review de novo a district court's dismissal for failure to state

a claim upon which relief can be granted. *See Ruiz v. McDonnell*, 299 F.3d 1173,

1181 (10th Cir. 2002).

It is unclear whether Sheriff Whetsel was sued in his official or his

individual capacity, so we will assume that he was sued in both. To state a claim

against the Board or against Sheriff Whetsel in his official capacity,

Mr. Meadows must allege that his injuries were the result of "a policy or custom."

*Novitsky v. City of Aurora*, 491 F.3d 1244, 1259 (10th Cir. 2007) ("A

municipality cannot be held liable for its officers' actions under § 1983 unless

those actions were caused by a policy or custom of the municipality."); *Myers v.

Okla. County Bd. of County Comm'rs*, 151 F.3d 1313, 1316 n.2 (10th Cir. 1998)

(suits against a municipal officer acting in his official capacity are treated the

same as those against a municipality). But he has failed to do so. And to state a

claim against Sheriff Whetsel in his individual capacity, Mr. Meadows must

allege that the Sheriff directly violated his constitutional rights. Section 1983

demands more than mere control over subordinates to support supervisor liability.

*See Johnson v. Martin*, 195 F.3d 1208, 1219 (10th Cir. 1999) ("[S]upervisor

liability requires allegations of personal direction or of actual knowledge and

acquiescence." (internal quotation marks omitted)). Mr. Meadows's complaint,

however, does not allege that Sheriff Whetsel played any part in any of the alleged constitutional violations. Mr. Meadows did not suggest in his Rule 60(b) motion that he could cure the defects in his claims with an amended complaint. Accordingly, dismissal was proper. Mr. Meadows's request that Sheriff Whetsel and Grimsley, Fowler, Pence, and Boatman be suspended pending trial is therefore moot.

We AFFIRM the judgment below and DENY Mr. Meadows's motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge