**UNITED STATES COURT OF APPEALS**

**July 7, 2008**

**TENTH CIRCUIT**

**Elisabeth A. Shumaker**
**Clerk of Court**

SHERWOOD BROWN,

Plaintiff - Appellant,

No. 08-6028

v.

W.D. Okla.

JOSEPH MICHAEL SHERROD,

(D.C. No. 07-CV-01162-HE)

Defendant - Appellee.

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **McKAY**, and **GORSUCH**, Circuit Judges.

After examining the briefs and appellate record, and upon the court's own motion, this panel determined that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

Sherwood Brown, appearing pro se, appeals from the district court's dismissal of his complaint for failure to state a claim. We affirm.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

We review the district court's dismissal of Brown's complaint pursuant to Rule 12(b)(6) de novo. *Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006). We accept all well-pleaded allegations as true and view them in the light most favorable to Brown. *Id.* Because Brown appears pro se, "we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys." *Id.* Dismissal of a complaint under Rule 12(b)(6) for failure to state a claim is proper only where it is obvious that the plaintiff failed to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

Brown filed a claim under the False Claims Act pursuant to 31 U.S.C. §§ 3729 and 3730. Section 3729(a)(1) provides a cause of action against any person who "knowingly presents, or causes to be presented . . . to the United States Government . . . a false or fraudulent claim for payment." Section 3730(b) allows a private person to bring a *qui tam* action on behalf of the United States Government for a violation of § 3729. Section 3730(d) provides "[t]he action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting."

Upon the defendant's motion, the district court dismissed Brown's case because his complaint failed to allege the defendant requested or received payment from the government. Rather, Brown alleged the defendant falsely filed a bankruptcy claim but did not allege, nor did the record demonstrate, the

government was a creditor.

On appeal, Brown claims the dismissal was improper because the district court did not have the consent of the Attorney General. The consent of the Attorney General is required only where the plaintiff seeks a voluntary dismissal of the action, not where the district court grants a defendant's motion to dismiss for failure to state a claim. *See Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 n.1 (2d Cir. 2004) (citing *Minotti v. Lensink*, 895 F.2d 100, 103-04 (2d Cir. 1990)); *Shaver v. Lucas Western Corp.*, 237 F.3d 932, 934 (8th Cir. 2001).

**AFFIRMED**.

ENTERED FOR THE COURT

Terrence L. O'Brien
Circuit Judge