FILED
United States Court of Appeals
Tenth Circuit

May 24, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DARYL A. WITMER,

      Plaintiff-Appellant,

v.

GRADY COUNTY JAIL; SHANE
WYATT, Warden; JACK PORTER,
Chairman, Board of CO Comm.; ART
KELL, Sheriff, Grady Co.; DOCTOR
CARL LAFFOON, Grady Co. Medical
Ctr.; BILL DAUGHERTY, Supervising
Officer; GRADY COUNTY CRIMINAL
JUSTICE AUTHORITY; GRADY
COUNTY BOARD OF COUNTY
COMMISSIONERS; GRADY COUNTY
INDUSTRIAL AUTHORITY; PATRICK
JAMES, Detention Officer; OFFICER
MARTIN, Detention Officer; DEPUTY
JACOBS, Deputy Sheriff Grady Co.;
OFFICER HARWELL, Detention
Officer; SGT. SULLIVAN, Detention
Officer; OFFICER CARROLL,

      Defendants-Appellees.

No. 11-6267
(D.C. No. 5:10-CV-00796-D)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R App. P. 32.1 and 10th Cir. R. 32.1.

Before **BRISCOE**, Chief Judge, **PORFILIO**, Senior Circuit Judge, and **MURPHY**, Circuit Judge.

Daryl A. Witmer appeals from the dismissal of his pro se 42 U.S.C. § 1983 action for failure to state a claim upon which relief may be granted. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. BACKGROUND[1]

Mr. Witmer was a pretrial detainee at the Grady County Jail in Chickasha, Oklahoma. He got into an argument over a gambling debt with another prisoner, "Snake," and a fight ensued. Mr. Witmer picked Snake up and felt a pop in his back. After the altercation was over, Snake continued to threaten Mr. Witmer. Mr. Witmer informed the officer on duty, defendant Vernon Harwell, about what had happened. Officer Harwell said he would log it and tell his supervisors.

Snake continued to make threatening remarks to Mr. Witmer, who fell asleep. When he awoke, he discovered that his commissary box was empty. One of the other prisoners told Mr. Witmer who had taken his things (apparently Snake) and warned Mr. Witmer that Snake and another prisoner planned to stab him. Mr. Witmer informed Officer Harwell of the theft. Snake overheard this and approached Mr. Witmer with his right hand behind his back. Mr. Witmer then threw hot coffee

[1] We draw the facts from Mr. Witmer's amended complaint. Because he is pro se, we afford his filings a liberal construction, but we do not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

into Snake's face and began to strike Snake, demanding that Snake show his right hand. Snake did so. Seeing that Snake's hand was empty, Mr. Witmer stopped striking him. Mr. Witmer again informed Officer Harwell of what had happened and demanded to be moved out of the cell. Officer Harwell said he could not open the door because he was the sole officer on duty but would call for assistance, which took twenty-five minutes to arrive.

Mr. Witmer was taken to a hospital. He was examined there and returned to the jail with two prescriptions, one for pain and one for muscle cramps. He also received a recommendation that he see a neurological or orthopedic specialist about his back pain. Back at the jail, one of the defendants, Dr. Carl Laffoon, provided care for Mr. Witmer, who repeatedly complained about back and leg pain. Dr. Laffoon initially declined to fill either of the hospital's prescriptions, citing jail policy, but eventually he did dispense one of those prescriptions for Mr. Witmer's leg cramps. Mr. Witmer continued to complain that he was in pain and that the medication he was being given was not adequate. Dr. Laffoon never referred Mr. Witmer to a specialist during the seven months Mr. Witmer was confined at the jail, but he did order an MRI after several months, which showed that a previously-inserted implant in Mr. Witmer's back had moved.

In his amended complaint, Mr. Witmer advanced seven claims of constitutional violations. He asserted that defendants violated their constitutional duty to protect him from being assaulted by other inmates, arguing that a jail policy

of having only one officer on duty was to blame. In two other claims, he alleged that he is now crippled as a result of deliberate indifference to his medical needs. And in his four remaining claims, he asserted that unspecified defendants impeded his access to the courts by denying his requests for legal materials, jail policies, and jail regulations; that certain conditions at the Grady County Jail were inhumane, specifically, dirty drinking water, mold in the showers, and deteriorating and airborne asbestos; that some defendants conspired against him to deprive him of his constitutional rights; and that a lack of policy and procedure concerning treatment of prisoners and sanitary conditions violated various constitutional rights.

The matter was referred to a magistrate judge, who issued a Report and Recommendation that all claims be dismissed for a variety of reasons. The magistrate judge first concluded that claims against the Grady County Jail should be dismissed because the jail lacked the legal capacity to be a defendant under Oklahoma law. The magistrate judge also concluded that any claims asserted against the Grady County Criminal Justice Authority, the Grady County Board of Commissioners, the Grady County Industrial Authority, and the individual defendants in their official capacities failed because Mr. Witmer failed to show the existence of a municipal policy that was a moving force behind his injuries; instead, Mr. Witmer was an active participant in the altercations. Turning to each specific claim, the magistrate judge concluded that Mr. Witmer's claim of failure to protect should be dismissed because he failed to allege sufficient facts showing that Officer

- 4 -

Harwell, the only defendant named in claim one, knew of and disregarded an excessive risk of injury to Mr. Witmer's health or safety. As to the two claims of denial of medical care, the magistrate judge concluded that Mr. Witmer's allegations only showed a difference of medical opinion with Dr. Laffoon, which is not actionable as an Eighth Amendment deliberate-indifference claim. The magistrate judge further determined that Mr. Witmer's claim that defendants denied his access to the courts was undermined by the fact that, while he was detained at the Grady County Jail, he had filed a previous § 1983 action against some of the same defendants involving the same incidents, and that he voluntarily dismissed that suit. As to Mr. Witmer's claim regarding jail conditions, the magistrate judge concluded that Mr. Witmer's vague factual allegations, his admission that prisoners are given cleaning supplies and are expected to clean their living areas, and his failure to allege that he suffered any adverse effects from any of the conditions about which he complained were insufficient to show that any defendant subjectively knew of and disregarded an excessive risk to his health or safety. Regarding the conspiracy claim, the magistrate judge recommended dismissal because Mr. Witmer's factual allegations were conclusory. Finally, the magistrate judge construed the vague seventh claim as one that there was an inadequate grievance procedure at the jail and concluded that not only is there no constitutional right to an adequate grievance procedure, but Mr. Witmer had in fact filed multiple grievances, some of which he attached to his amended complaint.

The district court adopted the Report and Recommendation over Mr. Witmer's objections and dismissed the action pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).[2]  In previous rulings, the district court also denied Mr. Witmer's motions for appointment of counsel.  This appeal followed.

## II.     DISCUSSION

We review de novo a district court's dismissal for failure to state a claim. *Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006) (dismissal under Fed. R. Civ. P. 12(b)(6)); *McBride v. Deer*, 240 F.3d 1287, 1289 (10th Cir. 2001) (dismissal under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).  To avoid such a dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In his appellate brief, Mr. Witmer largely reiterates the facts alleged in his amended complaint, adds new allegations regarding Dr. Laffoon and the MRI, makes conclusory statements, offers his view that the facts show constitutional violations, and argues that he needs discovery, expert witnesses, and counsel.  But he has not presented any sufficiently developed arguments as to why he believes the legal bases for the district court's dismissal of his claims were erroneous.  Thus, he has waived

---

[2]     The district court relied on its screening function under §§ 1915(e)(2) and 1915A(b)(1) to dismiss claims against four defendants who were never served.

- 6 -

appellate review of the substance of the district court's dismissal of his claims. *See*

*Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998). Nonetheless, we

discern three arguments sufficiently presented to merit our attention.

First, Mr. Witmer claims that in two Special Reports filed in accordance with

*Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), defendants omitted evidence and

included an outdated asbestos report for the jail. However, neither the magistrate

judge nor the district judge relied on the Special Reports. Hence, we see no basis for

reversing the district court's decision based on Mr. Witmer's contention regarding

those reports.

Second, Mr. Witmer broadly claims that the magistrate judge mischaracterized

his allegations and argues that this shows he should have been appointed counsel and

permitted discovery. *See* Aplt. Opening Br. at 9, 11, 20. However, he has not

identified any specific mischaracterizations. Thus, he has waived appellate

consideration of this issue. *See Adler*, 144 F.3d at 679. In any event, our review has

not disclosed any material mischaracterizations.

Finally, Mr. Witmer claims the district court should have appointed him

counsel given his medical condition, his need for expert witnesses, and the magistrate

judge's mischaracterization of his facts. But civil litigants have no right to counsel,

*Johnson*, 466 F.3d at 1217, and the district court gave good reasons for denying

Mr. Witmer's motions, namely, that the issues were not complex, that he had the

ability to understand and present them pro se, and that he had not presented special

- 7 -

circumstances warranting the appointment of counsel.  Moreover, Mr. Witmer did not rely on the magistrate judge's alleged mischaracterizations in any motion for counsel filed in the district court, and again, we have not uncovered any such mischaracterizations.  We therefore see no abuse of discretion in the district court's denial of counsel.  *See Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991) (reviewing denial of counsel for abuse of discretion and listing factors relevant to determining whether to appoint counsel as "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims").

In sum, despite Mr. Witmer's waivers, we have reviewed the record and the briefs on appeal in light of the governing law, and we agree with the magistrate judge's Report and Recommendation and the district court's order adopting it.  We therefore **AFFIRM** the district court's judgment for substantially the same reasons stated in those two filings.  Mr. Witmer's motion to proceed on appeal *in forma pauperis* is granted, and we remind him of his obligation to continue making partial payments until his filing fee is paid in full.

Entered for the Court

John C. Porfilio
Senior Circuit Judge