**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 16, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JUVENCIA DARSHA TOWNSEND,

    Plaintiff - Appellant,

v.

COLORADO DEPARTMENT OF
CORRECTIONS; EVERINGHAM, Case
Manager; ROACH, Case Manager;
DURAN, Case Manager; JOHN C.
ROBERTS, Corrections Officer; SGT.
TONYA GAMBLIN, Housing; SGT.
TODD CHRIST; Major MARK
ALHOLTZ, Housing; LT. TRAXLER,
Head Case Manager; JACKSON, Case
Manager; DAVID JOHNSON, Warden;
DEETS, Case Manager,,

    Defendants - Appellees.

No. 16-1141
(D.C. No. 1:14-CV-02961-RBJ-KMT)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Juvencia Townsend, a state prisoner proceeding pro se, appeals the district court's dismissal of her 42 U.S.C. § 1983 action. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Townsend is a prisoner in the custody of the Colorado Department of Corrections. She alleges claims of discrimination, harassment, retaliation, and due process violations against various corrections department employees. The district court denied Townsend's request for appointment of counsel and subsequently dismissed each of her claims. It concluded that Townsend failed to exhaust administrative remedies, did not state a claim for discrimination, and that her retaliation claim was time-barred. Townsend timely appealed.

On appeal, Townsend presents only three narrow bases for relief. First, she appears to argue that the district court judge should have recused himself because he presided over Townsend's criminal trial and was biased against her. However, "[a]dverse rulings alone are insufficient grounds for disqualification, as is evidence that the judge criticized or was angry with a party." In re Am. Ready Mix, Inc., 14 F.3d 1497, 1501 (10th Cir. 1994) (citations omitted). Townsend does not provide any additional facts to support her claim of bias. Thus, the district court judge was not required to recuse.

Townsend also argues that the district court erred in denying her requests for appointed counsel. There is no constitutional right to counsel in a civil case. Johnson v. Johnson, 466 F.3d 1213, 1217 (10th Cir. 2006). However, a district court has discretion to request counsel for a litigant who is unable to afford one. Id. (citing

2

28 U.S.C. § 1915(e)(1)). We review the district court's denial for abuse of discretion, considering "the merits of the claims, the nature of the claims, [the plaintiff's] ability to present the claims, and the complexity of the issues." Rachel v. Troutt, 820 F.3d 390, 397 (10th Cir. 2016). The district court's decision was reasonable: Townsend's claims are not novel or complex, and she was able to adequately present her case before the district court.

Finally, Townsend argues that the district court erroneously denied her motion requesting reports and documents, apparently in reference to initial disclosures. But Fed. R. Civ. P. 26(a)(1)(B) exempts from initial disclosures "an action brought without an attorney by a person in the custody of . . . a state." Thus, the district court did not err.

For the foregoing reasons, we **AFFIRM** the district court. We **DENY** Townsend's motion to dismiss the appeal without prejudice[1] and **GRANT** her motion to proceed in forma pauperis. She is reminded of her obligation to continue making partial payments until the entire filing fee has been paid in full. See 28 U.S.C. § 1915(b).

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[1] Townsend mistakenly appears to think that if we dismiss without prejudice, she will be allowed to refile her appeal at any time.

3