FILED
United States Court of Appeals
Tenth Circuit

August 31, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BENJAMIN W. FAWLEY,

     Plaintiff - Appellant,

v.

DAVID JABLONSKI; R.C. SMITH, Warden; HAROLD CLARKE, Director, Va. D.O.C.; SUSANA MARTINEZ, Governor, State of New Mexico,

     Defendants - Appellees.

No. 20-2032
(D.C. No. 2:18-CV-01139-WJ-SCY)
(D.N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

The district court ordered dismissal without prejudice of Mr. Benjamin W. Fawley's civil rights action, concluding that he disobeyed a court order. Mr. Fawley appeals. But he doesn't challenge the district court's reasoning, so we affirm.

---

[*]   Oral argument would not materially help us to decide this appeal. We have thus decided the appeal based on the appellate brief and the record on appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

   This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

**I.**     **The district court dismissed the action without prejudice because Mr. Fawley failed to comply with a court order.**

Mr. Fawley, a prisoner, sued for constitutional violations under 42 U.S.C. § 1983. The district court excused Mr. Fawley from filing obligations pending the court's screening of his claims. *See* 28 U.S.C. § 1915A. But Mr. Fawley and other prisoners then filed over 50 motions, supplements, and notices. Because of the numerous filings, the district court ordered Mr. Fawley to file a single, legible amended complaint on a court form that contained the relevant allegations.

Mr. Fawley filed an amended complaint, but he raised claims under every clause of the U.S. Constitution and submitted numerous addenda that alleged various other violations. Mr. Fawley and other prisoners then filed over 230 pages of addenda and other motions.

The district court dismissed the action without prejudice for failure to comply with the court's order to file a single amended complaint. *See* Fed. R. Civ. P. 41(b).

**II.**     **Mr. Fawley alleges district court bias, but he does not challenge the district court's reasoning for dismissing the action without prejudice.**

As a *pro se* litigant, Mr. Fawley's arguments are entitled to liberal construction. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). Though we liberally construe these allegations, we can't construct

arguments for Mr. Fawley. *See id.* ("[T]his rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.")

"The first task of an appellant is to explain to us why the district court's decision was wrong." *Nixon v. City & Cty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015). But Mr. Fawley has not said what's wrong with the district court's reasoning. Instead of addressing the district court's reasoning, Mr. Fawley argues the merits of his claims, alleges that a medical condition prevented him from complying with the order, and accuses the district judge of bias.

But he doesn't explain how the medical condition prevented compliance. He states that a handicap prevented him from legibly writing his documents. But his appeal brief is legibly handwritten.

He also accuses the district judge of bias. To illustrate the bias, Mr. Fawley criticizes the district judge's enforcement of the Federal Rules of Civil Procedure. But our precedent requires all litigants, even those who are pro se, to comply with the Federal Rules of Civil Procedure. *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994). Though Mr. Fawley states that these rules are not in his prison's law library, the district judge cannot be faulted for complying with our precedent.

Mr. Fawley further urges bias based on the district court's failure to appoint counsel. But Mr. Fawley has no right to appointed counsel. *See Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006). And we discern

3

no bias in the district court's decision to require Mr. Fawley himself to file a single, legible amended complaint.

Mr. Fawley also states that the Prison Litigation Reform Act requires judges to abandon neutrality. He is presumably referring to the requirement that judges screen complaints for failure to state a valid claim and frivolousness. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). But the Prison Litigation Reform Act is a federal law, and the district judge cannot be faulted for complying with federal law.

We thus find no error in the decision to order dismissal for failure to comply with an order.

## III.   We deny Mr. Fawley's petition for a writ of mandamus and two motions.

Mr. Fawley also seeks a writ of mandamus for the district court to provide a copy of its order excusing Mr. Fawley from additional filings. Mr. Fawley says that he never received the order.

A writ of mandamus is a "drastic remedy, and is to be invoked only in extraordinary circumstances." *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1186 (10th Cir. 2009) (internal quotations and citation omitted). Three requirements exist for a writ of mandamus:

1.   There must be no other adequate means to attain relief.

2.   The petitioner must show that his right to a writ of mandamus is "clear and indisputable."

4

3.   The issuing court "must be satisfied that the writ is appropriate under the circumstances."

*Id.* at 1187. A writ of mandamus isn't appropriate because Mr. Fawley has failed to show the unavailability of other means for him to obtain the order. (Though mandamus is unwarranted, we request the court clerk to mail Mr. Fawley a copy of the order.)

Mr. Fawley has also submitted two motions:

1.   "Motion to Bar Respondent Brief and or Oral Argument" and

2.   "Motion to Assert Grounds for Naming Appellee(s)/Defendant(s) to Whom U.S. District Court, Dist. of N.M. Has Issue."

In his first motion, Mr. Fawley alleges that he didn't receive the respondent's amended brief. The respondent's amended brief, however, includes a certificate of service. We have no way of knowing whether (1) the respondent failed to mail the brief, (2) the postal service misdelivered the mail, or (3) prison authorities failed to give Mr. Fawley his mail. So we deny the motion to bar the respondent's brief. (But we ask the court clerk's office to send a copy of the brief to Mr. Fawley.)

Mr. Fawley's second motion largely argues the merits of his claims, and we are unable to determine what Mr. Fawley seeks from this court. We thus deny the motion.

5

**IV.    Conclusion**

Because Mr. Fawley doesn't say what's wrong with the district court's reasoning, we affirm the dismissal of the complaint without prejudice. We also decline to issue a writ of mandamus and deny Mr. Fawley's two motions. But we ask the clerk to mail Mr. Fawley

- the district court order to file a single amended complaint and

- the respondent's amended brief.

Entered for the Court


Robert E. Bacharach
Circuit Judge

6