**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 3, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

COMMODITY FUTURES
TRADING COMMISSION,

      Plaintiff-Appellee,

  and

TOLENTINE CONCEPTS LIMITED,

      Intervenor-Plaintiff,

v.

STEPHEN W. BROCKBANK,

      Defendant-Appellant,

  and

CAROL J. LOVE; BIRMA;
DONALD J. PURSER;
GAHMA CORPORATION,

      Defendants.

No. 07-4132
(D.C. No. 2:00-CV-622-TS)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **LUCERO**, **HARTZ**, and **HOLMES**, Circuit Judges.

---

Stephen Brockbank appeals pro se from a number of adverse rulings the district court made during the course of a civil action brought by the Commodity Futures Trading Commission (CFTC) under the Commodities Exchange Act, 7 U.S.C. §§ 1-27f (CEA). As explained below, we have jurisdiction under 28 U.S.C. § 1291. After reviewing Mr. Brockbank's pro se submissions liberally, but without constructing legal theories for him or otherwise serving as his advocate, *see Hall v. Belmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991), we affirm.

## I. Background

The CEA primarily concerns certain "accounts, agreements . . ., and transactions involving contracts for sale of a commodity for future delivery." 7 U.S.C. § 2(a)(1)(A). The CFTC is an independent federal agency charged with the administration and enforcement of the CEA and its implementing regulations, 17 C.F.R. §§ 1.1 to 190.10. The CFTC filed this civil action in 2000 against Mr. Brockbank, Carol Love, and their partnership, BIRMA Ltd. (together, the BIRMA defendants), asserting that they violated the CEA and the regulations in a number of ways, including the unregistered solicitation of funds for commodity

futures trading, fraud while operating a commodity pool, and commingling personal property with client funds.[1]

In January 2006, the district court ordered the parties to participate in mediation, but the matter eventually proceeded to a ten-day jury trial that commenced on March 6, 2006. Just prior to trial, the court ruled that Mr. Brockbank would not be permitted to present any witnesses or exhibits because he had failed to provide witness and exhibit lists in conformity with the court's orders. The court also ruled that no party would be permitted to discuss any settlement efforts. Evidence at trial showed that investors lost over $1 million as a result of the BIRMA defendants' acts. The jury returned a verdict against each of the BIRMA defendants on all claims.

The district court scheduled a hearing on damages. Before that hearing took place, Mr. Brockbank filed a notice of appeal. Another panel of this court dismissed that appeal on jurisdictional grounds, reasoning that it was taken from a nonfinal order because the matter of damages was pending. *See Commodity Futures Trading Comm'n v. Brockbank*, No. 06-4113 (10th Cir. May 24, 2006) (order dismissing appeal).

After the hearing on damages in May 2006, the district court filed an order on April 9, 2007 (April 9 Order), imposing permanent injunctive relief,

---

[1] The CFTC later added claims against other defendants, and another action was consolidated with this one.

-3-

restitution, disgorgement, and civil monetary penalties. The court left open the scope of injunctive relief, requesting the CFTC to file a proposed form of injunction that tracked its Second Amended Complaint. As to damages, the court ordered the BIRMA defendants to pay, jointly and severally, restitution of $1,237,874.97 plus pre- and post-judgment interest at the rate set by law. The court also ordered Mr. Brockbank to disgorge $300,000 in client funds that he had used for personal expenses and imposed on him a civil monetary penalty of $990,000.

On May 31, 2007, Mr. Brockbank filed another notice of appeal. On June 5, the CFTC submitted the proposed form of injunction that the court had requested, noting that Ms. Love had expressed some objections regarding particular provisions. On July 2, 2007, the district court entered a Judgment and Order of Permanent Injunction (July 2 Judgment), which substantially tracked the proposed injunction the CFTC had submitted but omitted some boilerplate provisions to which Ms. Love had objected. The July 2 Judgment made no mention of the jury's verdict, but reiterated the damage awards and directed the sequence in which they were to be paid. Mr. Brockbank did not file another notice of appeal, and no other defendants have appealed.

## II. Appellate Jurisdiction

Although the CFTC has not questioned our jurisdiction over this appeal, we have an independent duty to examine it. *See Amazon, Inc. v. Dirt Camp, Inc.*,

-4-

273 F.3d 1271, 1274 (10th Cir. 2001). We must first consider whether Mr. Brockbank's notice of appeal was taken from a final decision because generally, under 28 U.S.C. § 1291, "only final decisions of the district court are appealable." *Amazon*, 273 F.3d at 1275. A final decision is one that "end[s] the litigation on the merits" and "leaves nothing for the court to do but execute the judgment." *Harbert v. Healthcare Servs. Group, Inc.*, 391 F.3d 1140, 1145 (10th Cir. 2004) (quotations and alteration omitted).

In this case, the April 9 Order was not a final decision because it specifically left open the terms of permanent injunctive relief and requested the CFTC to submit a proposed form of injunction. The matter of permanent injunctive relief was potentially a complex and disputed matter. In particular, its resolution would involve more than a ministerial act and would have a bearing on the finality of the April 9 Order. *See id.* at 1146 (concluding that order fixing liability but leaving open potentially complex and disputed question of damages was not a final decision for purposes of § 1291). Rather, the district court's July 2 Judgment was the court's final, appealable decision. We conclude, therefore, that Mr. Brockbank's notice of appeal was premature.

Because "Rule 3 of the Federal Rules of Appellate Procedure conditions appellate jurisdiction on the filing of a timely notice of appeal," *Smith v. Barry*, 502 U.S. 244, 245 (1992), we must next consider whether Rule 4(a)(2) of the appellate rules operates to ripen Mr. Brockbank's premature notice. Rule 4(a)(2)

provides that "[a] notice of appeal filed after the court announces a decision or order--but before the entry of the judgment or order--is treated as filed on the date of and after the entry." Fed. R. App. P. 4(a)(2). Under Rule 4(a)(2), "[a] premature notice of appeal may ripen . . . upon entry of a subsequent final order, so long as the order leading to the premature notice of appeal has some indicia of finality and is likely to remain unchanged during subsequent court proceedings." *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1111 (10th Cir. 2007) (citations omitted) (relying on *FirsTier Mortgage Co. v. Investors Mortgage Ins. Co.*, 498 U.S. 269, 277 (1991)). For example, in order for Rule 4(a)(2) to apply, the premature notice of appeal may not be taken "from a clearly interlocutory decision—such as a discovery ruling or a sanction order under Rule 11[.] . . . A belief that such a decision is a final judgment would *not* be reasonable." *FirsTier Mortgage Co.*, 498 U.S. at 276.

We conclude that the April 9 Order has sufficient indicia of finality to trigger the savings provision of Rule 4(a)(2). It referred to the jury's verdict as to liability, which was unlikely to change, and also fixed the amount of monetary damages (except for pre-judgment interest), giving it an even greater indication of finality than the order we considered sufficient for Rule 4(a)(2) purposes in *Harbert v. Healthcare Services Group, Inc.*—an order that determined liability but not damages, *see* 391 F.3d at 1146. Our conclusion is bolstered by the dismissal of Mr. Brockbank's earlier notice of appeal on the ground that the

matter of damages remained pending. Once the district court entered the April 9 Order fixing damages, it was reasonable for Mr. Brockbank, particularly in view of his pro se status, to believe that he was required to file a timely notice of appeal as measured from April 9, 2007. *See FirsTier Mortgage Co.*, 498 U.S. at 276 (requiring a reasonable belief in finality).

Having concluded that Rule 4(a)(2) saves Mr. Brockbank's premature notice of appeal, we next consider the scope of our jurisdiction. While the filing of a final order serves to ripen a premature notice of appeal, it "does not automatically effectuate the appeal of every judgment or order rendered in the entire case." *Nolan v. U.S. Dep't of Justice*, 973 F.2d 843, 846 (10th Cir. 1992). Rather, the notice confers jurisdiction over only those orders in existence at the time it was filed. *See id.* Jurisdiction is further cabined by the requirement that a notice of appeal "designate the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c)(1)(B); *see also Nolan*, 973 F.2d at 846 (applying Rule 3 to determine scope of premature appeal). Rule 3 is liberally applied, and the focus is on the appellant's intent as manifested in the notice of appeal or its functional equivalent. *Foman v. Davis*, 371 U.S. 178, 181 (1962); *Cooper v. Am. Auto Ins. Co.*, 978 F.2d 602, 608-09 (10th Cir. 1992).

Mr. Brockbank's notice of appeal was nominally taken from the April 9 Order, but it is an eleven-page document setting forth various allegations of error made by the district court over the nearly-seven-year course of this litigation. In

the notice of appeal, Mr. Brockbank listed five reasons for his appeal, which we read as follows: (1) he was not prepared to offer evidence at trial because, up until the eve of trial, he thought the matter would be settled through mediation; (2) he was unable to inform the jury that he had offered, and the CFTC had accepted, a conditional confession and offer of judgment; (3) the jury was not permitted to know that the district court precluded him from offering evidence, so it appeared to the jury that he "had nothing to say," R., Vol. XVI, Doc. 514 at 5; (4) the court erred in suppressing exculpatory evidence, including evidence he presented to a grand jury and his offers to return funds to clients; and (5) the assessment of monetary damages should have taken into account the suppressed exculpatory evidence, in particular evidence that eighty percent of the $300,000 the court ordered him to disgorge was spent for legitimate business purposes. In addition, he also expressed disagreement with the court's denial of his requests for appointment of counsel.

Although Mr. Brockbank did not identify the orders giving rise to his contentions of error, the CFTC has pointed to several in its response brief, and we have uncovered others. Therefore, the scope of our jurisdiction is limited to the foregoing assertions of error as they stem from the following district court orders: (1) *id.*, Vol. IV, Doc. 134, and *id.*, Vol. XI, Doc. 341, denying Mr. Brockbank's motions for appointment of counsel; (2) *id.*, Vol. XIII, Doc. 400, ordering that Mr. Brockbank could not present any witnesses or exhibits at trial; (3) *id.*,

-8-

Vol. XIV, Doc. 438, prohibiting any party from referring to Mr. Brockbank's conditional confession and offer of judgment, the mediation, or any other settlement negotiations, conduct, or statements; and (4) the April 9 Order (Doc. 512) assessing damages.

### III. Merits Analysis

Having established the jurisdictional perimeter of Mr. Brockbank's appeal, we now may turn to the merits.

### A. Denial of requests for counsel (Docs. 134 and 341)

A litigant in a civil case has no constitutional right to counsel, but under 28 U.S.C. § 1915(e)(1), a district court has discretion to request counsel to represent an indigent party in a civil case. *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (per curiam). The district court here denied each of Mr. Brockbank's motions for counsel because he failed to present an affidavit showing that he could not afford counsel. *See* R., Vol. IV, Doc. 134 at 2; *id.,* Vol. XI, Doc. 341 at 3. In denying the second of these motions, the court also expressed skepticism that Mr. Brockbank was unable to afford counsel given that he had "failed to account for a large sum of investor money that he had contumaciously removed from frozen accounts" in violation of a preliminary injunction the court had entered early in the case, *id.*, Vol. XI, Doc. 341 at 4, which in turn led to his nearly-one-year imprisonment for contempt. Because

Mr. Brockbank failed to make the required showing of indigency, we see no abuse of discretion in the district court's denial of these motions.

## B. Preclusion of witnesses and exhibits at trial (Doc. 400)

Unless otherwise directed by the district court, a party must disclose the identities of testifying witnesses and trial exhibits at least thirty days before trial. *See* Fed. R. Civ. P. 26(a)(3). The district court's scheduling order set a three-week trial to commence on February 27, 2006, and required defendants to disclose their witnesses and exhibits by January 10, 2006. *See* R., Vol. VII, Doc. 257 at 3. None of the defendants complied, so on February 8, 2006, the court gave them a second chance, instructing them to file the designations no later than February 14 or, if they wished to rely on the CFTC's exhibits, to identify those to the CFTC. *See id.*, Vol. XII, Doc. 376 at 2. Mr. Brockbank again failed to comply (as did, in large part, the other defendants), and the CFTC filed a motion to strike defendants' exhibits or, in the alternative, to stay the proceedings. On February 27, 2006, the court granted the motion, ruling that Mr. Brockbank could not present any witnesses or exhibits at trial, which was set to commence a week later, because he had failed to comply with its orders. *Id.*, Vol. XIII, Doc. 400 at 4-5.

The district court based its sanctions on civil rules 16 and 37, which in relevant part authorize a district court to impose appropriate sanctions, including those at issue here, on a party who fails to obey a scheduling or pretrial order.

-10-

*See* Fed R. Civ. P. 16(f)(1)(C); Fed. R. Civ. P. 37(b)(2)(A)(ii), (iv). Noting that even pro se litigants are required to comply with procedural rules, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002), the court found that Mr. Brockbank was an educated man capable of complying with the simple and straightforward instructions in the court's February 8 order. The court observed that its order directing the parties to mediate instructed them that mediation would not affect their trial preparation obligations. The court also determined that Mr. Brockbank's failure to designate witnesses and exhibits was repeated, intentional, and unjustified. The court further deemed his failures to be in bad faith and prejudicial to the CFTC, and concluded that staying the trial would be unfair to the CFTC in view of the considerable resources it had expended to prepare for trial and the fact that the case had, at that point, gone on for five years. Finally, despite ordering that Mr. Brockbank would not be permitted to present witnesses or exhibits at trial, the court ruled that he could cross-examine CFTC witnesses and use any admitted exhibit offered by another party.

We review the court's imposition of sanctions for abuse of discretion, considering the totality of the circumstances. *See Olcott v. Del. Flood Co.*, 76 F.3d 1538, 1557 (10th Cir. 1996). "Sanctions under Rule 16(f) and Rule 37(b)(2) must be in the interests of justice and proportional to the specific violation of the rules." *Id.*

Mr. Brockbank's only argument is that he did not file a witness or exhibit list because he thought the case against him was settled by virtue of the CFTC's acceptance on January 25, 2006, of a conditional offer of judgment he made pursuant to Fed. R. Civ. P. 68. He has attached to his opening brief copies of correspondence with the CFTC that indicates such acceptance, but that acceptance was never filed with the district court, as required under Rule 68. Therefore, his rationale does not justify his failure to timely file his witness and exhibit lists by February 14, as ordered. Furthermore, correspondence dated February 16 and 17, 2006, which Mr. Brockbank faxed to the court ex parte, *see* R., Vol. XII, Doc. 389, indicates that even after the second deadline for designating witnesses and exhibits had passed, he was still in discussions with counsel for the CFTC concerning the offer of judgment and that mediation was ongoing, which undermines his argument that he thought the CFTC had accepted his offer of judgment. In short, the court gave Mr. Brockbank multiple chances to designate exhibits and witnesses, and even instructed the parties that mediation would not affect their obligations to prepare for trial, yet he failed to make the designations. And he has offered no reason why we should consider that the sanctions were not in the interests of justice or disproportionate to his violation of the procedural rules or the court's orders. Considering all the circumstances, we conclude that the court did not abuse its discretion in prohibiting Mr. Brockbank from presenting witnesses or exhibits at trial.

**C. Prohibition on reference to settlement efforts (Doc. 438)**

In relevant part, Rule 408 of the Federal Rules of Evidence prohibits the introduction of evidence concerning offers of compromise "when offered to prove liability for, invalidity of, or amount of a claim." Fed. R. Evid. 408. We review a trial court's decision to exclude evidence of settlement efforts for an abuse of discretion. *See Broadcort Capital Corp. v. Summa Med. Corp.*, 972 F.2d 1183, 1194 & n.15 (10th Cir. 1992).

In its March 7, 2006, order, the district court reviewed an amended conditional confession of judgment Mr. Brockbank filed with the court on March 3, 2006. *See* R., Vol. XIV, Doc. 438 at 1-2. The court found that the amended confession of judgment was untimely under Fed. R. Civ. P. 68 in that it was not filed more than ten days prior to trial, and that it would be deemed withdrawn because the CFTC had not accepted it. Applying Rule 408,[2] the court ordered that none of the parties could refer to the amended confession of judgment, the mediation, or any other settlement negotiations in the presence of the jury. Mr. Brockbank has offered no exception to Rule 408 that would have permitted him to inform the jury about his settlement negotiations with the CFTC, including his efforts in 2000 to return investment money to his clients, and we are

---

[2] The court's order contains an apparent typographical error when it cited to Fed. R. Evid. 804 rather than 408.

aware of none.  Accordingly, we conclude that the district court did not abuse its discretion in prohibiting reference to offers in compromise.

### D.  Assessment of damages (Doc. 512)

Finally, Mr. Brockbank asserted in his notice of appeal that exculpatory evidence he was not permitted to introduce at trial would have reduced his damages.  He has not reiterated this argument in his opening brief, but we will address it anyway.  Simply put, this argument is foreclosed by our conclusion that the district court was within its discretion to prohibit Mr. Brockbank from introducing any witnesses or exhibits at trial.[3]

## IV.  Conclusion

The orders of the district court are AFFIRMED.

Entered for the Court


Jerome A. Holmes
Circuit Judge

---

[3]     In its response brief, the CFTC identified the sufficiency of the evidence as an issue in this appeal.  We do not read any of Mr. Brockbank's appellate filings as raising that issue.