**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 15, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

BENJAMIN O. MAYS,

      Plaintiff-Appellant,

v.

WYANDOTTE COUNTY SHERIFF'S
DEPARTMENT, J. NORRIS,
M. FREEMAN, R. WHITBY,
V. CHAVEZ, S. ANDERSON,
Wyandotte County Sheriff's
Department,

      Defendants-Appellees.

No. 10-3194
(D.C. No. 5:09-CV-03127-JTM)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLMES** and **McKAY**, Circuit Judges, **PORFILIO**, Senior
Circuit Judge.

---

Plaintiff Benjamin O. Mays, appearing pro se both in the district court and

this court, brought this civil rights action under 42 U.S.C. § 1983 against the

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Wyandotte County Sheriff's Department and five employees of that department. The district court dismissed some of his claims and granted summary judgment to defendants on the rest of his claims.  Mr. Mays appeals, and we affirm.

I.

On February 3, 2006, some officers from the Wyandotte County Sheriff's Department began investigating the theft of an automobile.  During their investigation, the officers encountered Mr. Mays, and defendant Norris arrested him on February 3 on an outstanding warrant on another charge.  Mr. Mays was released a few days later.  On August 24, 2006, an officer who is not named as a defendant in this suit arrested Mr. Mays pursuant to a warrant that charged him with the auto theft.  He remained in jail for several months awaiting trial of the theft charge, and was acquitted by a jury in June 2007.

On June 17, 2009, Mr. Mays filed his complaint under 42 U.S.C. § 1983 against the Wyandotte County Sheriff's Department and five of its officers, asserting claims for wrongful arrest and detention based on the ten months he spent in jail in 2006 and 2007.  The district court granted Mr. Mays's motion for leave to proceed in forma pauperis and, as a result, screened his complaint. R., Vol. 1, at 22.[1]  During this initial screening, the court dismissed the

---

[1]     A claim in a complaint filed in forma pauperis under 28 U.S.C. § 1915 is subject to sua sponte dismissal by the district court under § 1915(e)(2) if it is clear from the face of the complaint that the claim is frivolous or malicious. *See, e.g.*, *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (discussing § 1915(d), as

(continued...)

Wyandotte County Sheriff's Department and some of Mr. Mays's claims from the suit. *Id.* at 23-25.[2] Mr. Mays subsequently filed a motion for appointment of counsel, which the magistrate judge denied. *Id.* at 57-58.

The remaining defendants then moved for summary judgment, supporting their motion with affidavits, documents from the state court record, and the Stipulations in the Pretrial Order. *See id.* at 136, 283-84. Mr. Mays did not respond to defendants' motion, however. The district court deemed defendants' asserted facts admitted and granted summary judgment to defendants both as unopposed and for good cause. *Id.* at 284. The court determined that Mr. Mays's

---

[1](...continued)
it was formerly designated); *Fogle v. Pierson*, 435 F.3d 1252, 1257-58 (10th Cir. 2006). Because Mr. Mays was not a prisoner at the time he filed his complaint, however, screening was not authorized by the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A. *See Norton v. City of Marietta*, 432 F.3d 1145, 1150 (10th Cir. 2005) (per curiam) (holding that PLRA's administrative exhaustion requirement did not apply to a litigant who had been released from jail before he filed suit); 28 U.S.C. § 1915A(c). The district court's citation to § 1915A in addition to § 1915(e)(2) was harmless error.

[2]     The Wyandotte County Sheriff's Department lacks capacity to be sued in its own name, *Wright v. Wyandotte Cnty. Sheriff's Dep't*, 963 F. Supp. 1029, 1034 (D. Kan. 1997), but "[a]s a matter of law the Unified Government of Wyandotte County/Kansas City, Kansas is responsible for actionable misconduct, if any, by the Sheriff's Department[,]" *Fugate v. Unified Gov't of Wyandotte Cnty./Kan. City, Kan.*, 161 F. Supp. 2d 1261, 1266 (D. Kan. 2001). We have held that when a pro se litigant asserts a constitutional claim, the district court should give the pro se litigant an opportunity to amend his complaint to name the proper defendant. *See Johnson v. Johnson*, 466 F.3d 1213, 1215-16 (10th Cir. 2006). Any error in this regard was harmless, however, because Mr. Mays's claims against the Unified Government of Wyandotte County/Kansas City, Kansas, would necessarily have failed when his claims against the individual officers failed. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

wrongful arrest and detention claim related to his February 2006 arrest was time-barred; that he should have raised a malicious prosecution claim instead of a claim for wrongful arrest and detention because he was arrested in August 2006 pursuant to a warrant; that defendants were entitled to qualified immunity on a claim either for wrongful arrest and detention or for malicious prosecution; that Mr. Mays's acquittal precluded a claim for the alleged denial of his due process rights; and that defendants were entitled to qualified immunity on a due-process claim because they had probable cause to believe that Mr. Mays had committed auto theft. *See id.* at 284. In addition, the court concluded that defendants Whitby, Norris, Chavez, and Freeman showed that no claim for malicious prosecution would lie against them because they did not cause Mr. Mays's arrest in August 2006. *See id.* at 284-85.

"We review de novo a district court's decision to deny a summary judgment motion that asserts qualified immunity." *Clark v. Wilson*, 625 F.3d 686, 690 (10th Cir. 2010) (quotation omitted). Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Because Mr. Mays appears pro se, we construe his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

Mr. Mays's opening brief is devoid of substance, and his reply brief relates to the denial of his motion for appointment of counsel. Because he is proceeding

pro se, we "have tried to discern the kernel of the issues [ ]he wishes to present on appeal." *de Silva v. Pitts*, 481 F.3d 1279, 1283 n.4 (10th Cir. 2007). However, we do not "take on the responsibility of serving as [his] attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). We review the denial of a motion for appointment of counsel for abuse of discretion. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) (per curiam).

We have carefully reviewed the parties' materials and the record on appeal in light of the governing law. We find no reversible error in the district court's orders, and we find no abuse of discretion in the magistrate judge's decision to deny appointment of counsel. We therefore affirm for the reasons stated in the Orders filed on August 11, 2009, and November 23, 2009, and in the Memorandum and Order filed on July 27, 2010.

AFFIRMED.

Entered for the Court


John C. Porfilio
Senior Circuit Judge

-5-