**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 3, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CAROL A. WILLIAMS,

 Plaintiff - Appellant,

 v.

CLAY COUNTY POLICE
DEPARTMENT; JOHNSON
COUNTY POLICE DEPARTMENT;
WYANDOTTE COUNTY POLICE
DEPARTMENT,

 Defendants - Appellees.

No. 11-3175

D. Kansas

(D.C. No. 2:10-CV-02658-EFM-JPO)

### ORDER AND JUDGMENT[*]

Before **BRISCOE,** Chief Judge, **MURPHY**, and **MATHESON**, Circuit Judges.

After examining the briefs and appellate record, this court has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

On December 8, 2010, plaintiff-appellant Carol A. Williams filed a complaint in federal district court alleging she was the victim of identity theft. Williams sought to have her "name clear[ed] and exsponged [sic]." Upon motion of Defendants, the district court dismissed the suit for lack of subject matter jurisdiction, concluding Williams had failed to demonstrate that the claims asserted against Defendants arose under federal law. The court further concluded Williams had failed to establish diversity jurisdiction and her complaint failed to establish that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332; *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (holding that the requisite amount in controversy and the existence of diversity must be affirmatively established in the pleading of the party seeking to invoke jurisdiction). The district court also concluded the Johnson County Police Department and the Wyandotte County Police Department are both subordinate governmental entities that lack the capacity to sue or be sued. *See Hopkins v. State*, 702 P.2d 311, 316 (Kan. 1985); *Mays v. Wyandotte Cnty. Sheriff's Dep't*, 419 F. App'x 794, 795 n.2 (10th Cir. 2011) ("The Wyandotte County Sheriff's Department lacks capacity to be sued in its own name.").

This court reviews the dismissal for lack of subject matter jurisdiction de novo. *See U.S. West, Inc. v. Tristani*, 182 F.3d 1202, 1206 (10th Cir. 1999). Based on our review of the record, the pleadings, and the arguments asserted by Williams in her appellate brief, we conclude the district court did not err when it

dismissed Williams's complaint for lack of subject matter jurisdiction. For substantially the reasons stated by the district court in its Order dated June 8, 2011, we **affirm** the dismissal of Williams's complaint.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge