FILED
United States Court of Appeals
Tenth Circuit

August 7, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARIO WILLIAMS,

        Plaintiff - Appellant,

v.

ROBERT EZELL, Warden; MARTIN, Assistant Warden; CHIEF COTTON, Chief of Security; Sgt. W. BERNECK; Sgt. HOSUM; Sgt. ROGERS; Sgt. MORGAN; Sgt. ROBINSON; Capt. KARR; MORGAL, Correctional Counselor; C.O. SWAYZIE; C.B. HERNANDEZ; BRIAN YANDALE; C/M BARLOW; WAKEFIELD; KATHY MILLER; NURSE LAIRD; DEBBIE MORTON; Sgt. WILLIAMSON; D. STEVENS; JIM KIETH,

        Defendants - Appellees.

No. 13-7025
(D.C. No. 6:11-CV-00195-JHP-SPS)
(E.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff Mario Williams, a prisoner in the custody of the Oklahoma Department of Corrections (DOC), brought civil-rights claims under 42 U.S.C. § 1983 in the United States District Court for the Eastern District of Oklahoma against various employees of the Corrections Corporation of America, Inc. (CCA) and one employee of the DOC (Defendants). Proceeding pro se, he appeals the district court's grant of summary judgment to all Defendants. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm except for the judgment with respect to claims arising out of events in February 2011.

## I.    BACKGROUND

Plaintiff was incarcerated at Davis Correctional Facility (DCF), which is operated by CCA under a contract with DOC. His claim against the DOC employee is that she violated due process by denying administrative appellate review of his convictions of in-prison misconduct. As for the CCA employees, he alleges numerous violations of his constitutional rights while housed at DCF. First, Plaintiff alleges that on September 29, 2009, the CCA Defendants removed him from his cell in retaliation for exercising his First Amendment right to complain about prison conditions, used excessive force in the removal, placed him in a segregation cell without clothing or blankets, denied him the opportunity to "decontaminate" after being pepper-sprayed, R. at 1505 (appellate page numbering), and denied him medical treatment for injuries from the incident and

-2-

other conditions.  Second, he alleges that he was falsely charged with misconduct in retaliation for pursuing grievances.  Third, he alleges that the CCA Defendants made false statements on his custody-assessment form to keep him housed in the maximum-security unit; denied him showers, his property, his legal papers, legal calls, clothing, and recreation time; denied him medical treatment when he had a severe asthma attack; forced him to wash in a blood-covered shower; and denied him foods that met his dietary restrictions.  Fourth, he alleges that on February 11, 2011, the CCA Defendants placed him in a cell with a Satan-worshiping prisoner who refused to let him have the bottom bunk (which he needed for medical reasons), and that when he complained about his placement, he was sent to a segregation cell where he was deprived of his property and showers and got headaches from the 24-hour lights (the February 2011 claims).

Defendants filed a *Martinez* report, *see Martinez v. Aaron*, 570 F.2d 317, 319 (10th Cir. 1978) (approving district-court procedure of requiring prison officials named in civil-rights lawsuits to investigate and report to court on relevant facts at outset of case), and motions to dismiss or for summary judgment. The *Martinez* report stated that Plaintiff was removed from his cell on September 29, 2009, because he was not complying with staff orders; staff used the least amount of force necessary; the disciplinary charges against him were based on his misbehavior; and he received adequate medical care.  It also found

that Plaintiff had not exhausted his prison administrative remedies for any of the claims in the lawsuit.

The district court granted summary judgment on the merits on Plaintiff's due-process claim against the DOC Defendant (the DOC Defendant did not raise failure to exhaust). It ruled that he had not suffered a denial of a liberty interest protected by due process because, with a sentence of life without parole, he was not entitled to earn good-time credits under Oklahoma law, so the denial of such credits imposed as discipline had no effect. *See* Okla. Stat. tit. 57, § 138(A) (2012); *Stephens v. Thomas*, 19 F.3d 498, 501 (10th Cir. 1994) (revocation of good-time credits from inmate not entitled to such credits does not implicate due process). The court granted summary judgment on the claims against the CCA Defendants because Plaintiff had failed to exhaust his administrative remedies. It also disposed of Plaintiff's September 2009 retaliation claim on the alternative ground that the evidence established that he was disciplined for his misbehavior, not for exercising his constitutional rights. And it denied his motion for a preliminary injunction and his motion to compel discovery regarding the present whereabouts of unserved defendants who had left their prison employment.

## II.    DISCUSSION

We review the district court's grant of summary judgment de novo, "applying the same standards that the district court should have applied." *Schanzenbach v. Town of Opal, Wyo.*, 706 F.3d 1269, 1272 (10th Cir. 2013)

(internal quotation marks omitted). We construe Plaintiff's pleadings liberally because he proceeds pro se. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

## A. Due Process

The district court correctly held that Plaintiff had no due-process rights in his disciplinary hearings because no liberty interest was at stake. Although the disciplinary orders denied him good-time credits, Plaintiff could not earn such credits anyway because of his life sentence. In his reply brief Plaintiff argues that the district court erred by failing to consider whether changes in his conditions of confinement violated his due-process rights because they "impose[d] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). But Plaintiff had not argued this point in district court or in his opening brief, and we generally "do not address arguments presented for the first time on appeal . . . [or] in a reply brief." *United States v. Mora*, 293 F.3d 1213, 1216 (10th Cir. 2002).

## B. Failure to Exhaust

The Prison Litigation Reform Act (PLRA) requires that a prisoner exhaust his administrative remedies before bringing a lawsuit for violation of his federally protected rights. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal

law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim. . . ." *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010) (internal quotation marks omitted). The PLRA's exhaustion requirement applies to inmates held in privately operated facilities. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1184 (10th Cir. 2004), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). "We review de novo the district court's finding of failure to exhaust administrative remedies," *Little*, 607 F.3d at 1249 (internal quotation marks omitted), although findings of historical fact are reviewed only for clear error.

The *Martinez* report shows that Plaintiff never filed grievances about most of his claims in this lawsuit. Of those issues he did take steps to grieve, he generally either (1) failed to attempt informal resolution before filing a formal grievance, as required by CCA policy, or (2) filed an emergency grievance to bypass the informal-resolution requirement even though it was clear that there was no emergency.

Plaintiff offers two responses. First, he claims that under DOC grievance policy he had no obligation to file informal resolutions. But Plaintiff does not dispute that he was housed at a CCA-operated facility with its own grievance policy.

Second, Plaintiff asserts that the district court failed to consider additional grievance forms that he presented to the court. He argues that these forms demonstrate that administrative remedies were unavailable to him because CCA staff thwarted his exhaustion efforts. *See Tuckel v. Grover*, 660 F.3d 1249, 1252 (10th Cir. 2011) ("[A]n administrative remedy is not 'available' under the PLRA if prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of the administrative remedy." (brackets and internal quotation marks omitted)). For the most part, however, the additional documents do not help him because they reveal that his claims were either untimely or improperly filed as emergency grievances when there was clearly no emergency.

But the documents appear adequate with respect to Plaintiff's February 2011 claims. They indicate that he was unable to submit a grievance on those claims because he received no responses to his attempts to pursue the prerequisite informal resolution.

The CCA Defendants argue on appeal that Plaintiff "provided no evidence to the District Court showing that [the additional documents] were ever actually submitted or received by the Grievance Coordinator." CCA Aplee. Br. at 15. But

the documents were attached to his declaration of December 7, 2011, stating that he submitted the documents. (His declaration did not identify the documents by exhibit numbers, but they were readily indentifiable so the authentication was adequate for a pro se pleading.) The CCA Defendants also assert that to properly exhaust, Plaintiff had to file a grievance complaining about Defendants' unresponsiveness to his grievances; but they do not cite any CCA grievance policy to that effect and they do not explain why Plaintiff's documents are not adequate in that regard.

The district court did not rule on the merits of the February 2011 claims, nor do the CCA Defendants dispute the merits of those claims on appeal. Hence, we must reverse the grant of summary judgment with respect to the February 2011 claims and remand for further proceedings on those claims.

### C. Motions for Discovery and a Preliminary Injunction

Plaintiff argues that the district court abused its discretion in declining to grant his motions for discovery and for a preliminary injunction. Our review is for abuse of discretion, *see Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 647 (10th Cir. 2008) ("We review a district court's discovery rulings . . . for abuse of discretion."); *Little*, 607 F.3d at 1250 ("We review the denial of a preliminary injunction for abuse of discretion."), and we see no abuse of discretion here.

### D. Appointment of Counsel

Finally, Plaintiff argues that the district court erred by failing to grant his request that it appoint counsel for him. Plaintiff had no constitutional right to representation in his § 1983 lawsuit, *see Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006), and our review is for abuse of discretion, *see Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (We review "a district court's refusal to appoint counsel for an indigent prisoner in a civil case for abuse of discretion." (internal quotation marks omitted)). There was no abuse of discretion here because Plaintiff never demonstrated that denial of representation "result[ed] in fundamental unfairness." *Id.* (internal quotation marks omitted).

## III. CONCLUSION

We AFFIRM the judgment below on all of Plaintiff's claims except his February 2011 claims against the CCA Defendants. As to Plaintiff's February 2011 claims, we VACATE the district court's judgment and REMAND for further proceedings. We GRANT Plaintiff's motion to proceed in forma pauperis on appeal, but remind him of his obligation to continue making partial payments until the entire filing fee has been paid.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge