FILED
United States Court of Appeals
Tenth Circuit

June 30, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MARIO WILLIAMS,

      Plaintiff - Appellant,

v.

ROBERT EZELL, Warden; MARTIN,
Assistant Warden; SGT. ROBINSON;
C/M BARLOW,

      Defendants - Appellees.

No. 14-7085
(E.D. Oklahoma)
(D.C. No. 6:11-CV-00195-JHP-SPS )

---

**ORDER AND JUDGMENT**[*]

---

Before, **HARTZ**, **TYMKOVICH**, and **MORITZ**, Circuit Judges.

---

      Plaintiff Mario Williams, a prisoner in the custody of the Oklahoma Department

of Corrections (DOC), is before us on his second appeal from dismissal of his suit under

---

[*] After examining the briefs and appellate record, this panel has determined unanimously
that oral argument would not materially assist in the determination of this appeal. *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted
without oral argument. This order and judgment is not binding precedent, except under
the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1.

42 U.S.C. § 1983 against employees of the Corrections Corporation of America (CCA) and the DOC. We have jurisdiction under 28 U.S.C. § 1291 and must reverse and remand again.

On Mr. Williams's first appeal we affirmed the summary judgment against him granted by the United States District Court for the Eastern District of Oklahoma, except for claims arising out of events that took place in February 2011. *See Williams v. Ezell*, 534 F. App'x 699, 700 (10th Cir. 2013). On remand the district court dismissed the remaining claims. But we are unable to determine on what ground the court resolved the concerns expressed by our opinion on the first appeal.

Mr. Williams's original complaint "allege[d] that on February 11, 2011, the CCA Defendants placed him in a cell with a Satan-worshiping prisoner who refused to let him have the bottom bunk (which he needed for medical reasons), and that when he complained about his placement, he was sent to a segregation cell where he was deprived of his property and showers and got headaches from the 24–hour lights." *Id.* at 701. Defendants filed a *Martinez* report, *see Martinez v. Aaron*, 570 F.2d 317, 319 (10th Cir. 1978), and motions to dismiss or for summary judgment. The district court dismissed the claim against the DOC employee on the merits and dismissed the other claims because Mr. Williams had not exhausted his prison administrative remedies for his claims.

Mr. Williams argued on appeal "that the district court [had] failed to consider additional grievance forms that he presented to the court" and "that these forms demonstrate[d] that administrative remedies were unavailable to him because CCA staff

2

thwarted his exhaustion efforts." *Williams*, 534 F. App'x at 702. We agreed with the district court in large part but said that "the documents appear[ed] adequate with respect to [his] February 2011 claims." *Id.* "They indicate[d] that he was unable to submit a grievance on those claims because he received no responses to his attempts to pursue the prerequisite informal resolution." *Id.* at 702–03. We rejected Defendants' argument that he had "provided no evidence to the District Court showing that the additional documents were ever actually submitted or received by the Grievance Coordinator," because our inspection of the record revealed that "the documents were attached to his declaration of December 7, 2011, stating that he [had] submitted the documents." *Id.* at 703 (brackets and internal quotation marks omitted). And we were unpersuaded by Defendants' "assert[ion] that to properly exhaust, [Mr. Williams] had to file a grievance complaining about Defendants' unresponsiveness to his grievances," because "they [had] not cite[d] any CCA grievance policy to that effect and they [had] not explain[ed] why [his] documents [were] not adequate in that regard." *Id.* We reversed and remanded for further proceedings on the February 2011 claims.

Following remand, Mr. Williams filed an amended complaint to reassert the February 2011 claims and to include "only the defendants that were connected to [those] claims." Aplt. Br. at 1. Defendants filed another *Martinez* report and a motion to dismiss. The report noted Mr. Williams's declaration and the documents on which we relied in his first appeal. *See* Report of Review of Factual Basis of Claims Asserted in Civil Rights Compl. Pursuant to 42 U.S.C. Section 1983 at 15–16, *Williams v. Ezell*,

3

No. CIV-11-195-JHP-SPS (E.D. Okla. Jan. 10, 2014).  But there is no mention of them in the later discussion under the heading "Williams' Exhaustion efforts," *id.* at 18; *see id.* at 18–20; nor are they mentioned in the motion to dismiss and supporting brief.

Nevertheless, the district court dismissed the remaining claims for failure to exhaust, without referring to Mr. Williams's declaration or attached documents.  Without an explanation of why the documents are irrelevant, we are unable to properly review the court's dismissal order.

Defendants' answer brief in our court could be read as arguing that we should affirm because Mr. Williams's amended complaint did not allege exhaustion.  But *lack* of exhaustion is an affirmative defense that must be raised by the defendant.  *See Jones v. Bock*, 549 U.S. 199, 216 (2007).

We REVERSE and REMAND for further proceedings. We also REVERSE the strike that was imposed by the district court. We AFFIRM the district court's denial of Mr. Williams's motion to hold Defendants in contempt.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

4