FILED
United States Court of Appeals
Tenth Circuit

February 28, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

WESLEY THOMPSON,

      Plaintiff - Appellant,

v.

MEL COULTER,

      Defendant - Appellee.

No. 16-4042
(D.C. No. 2:12-CV-00680-CW)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **HARTZ**, and **O'BRIEN**, Circuit Judges.
_____

Wesley Thompson, a Utah prisoner proceeding pro se, appeals the district court's

entry of summary judgment in favor of Captain Mel Coulter, the prison classification

review officer and grievance coordinator, based on Mr. Thompson's failure to exhaust his

administrative remedies. Mr. Thompson alleged that his prison classification was

incorrect and he was consequently sexually assaulted twice by his cellmate. He brought

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

claims under 42 U.S.C. § 1983 for violation of his constitutional rights. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## I.    BACKGROUND

While housed at the Central Utah Correctional Facility, Mr. Thompson's classification as a "C2K" inmate mandated that he be confined in maximum security. In June 2011 his classification was changed to "C3K," which allowed him to be moved to less restrictive housing. He was placed in a cell with RR, who he alleges sexually assaulted him twice on August 5, 2011. After he reported the assaults, he was transferred to a different prison location.

Mr. Thompson filed suit, asserting that Captain Coulter's refusal to correct his classification violated his Fourteenth Amendment right to due process, and that the sexual assaults violated his Eighth Amendment right to be free from cruel and unusual punishment. Captain Coulter raised the affirmative defense of failure to exhaust administrative remedies by following the prison's grievance procedure. *See Reedy v. Werholtz*, 660 F.3d 1270, 1276 (10th Cir. 2011) (failure to exhaust is an affirmative defense). And he argued that the classification claim failed as a matter of law because a prisoner does not have a recognized property or liberty interest in his prison classification. The district court granted summary judgment to Captain Coulter.

## II. STANDARDS OF REVIEW

We review the district court's grant of summary judgment de novo, "applying the same legal standard as the district court." *Tuckel v. Grover*, 660 F.3d 1249, 1251 (10th Cir. 2011) (internal quotation marks omitted). We consider the evidence in the light most favorable to Mr. Thompson as the nonmoving party. *See id.* Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

We have liberally construed Mr. Thompson's pro se filings. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). We do not, however, "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.* Moreover, "pro se parties [must] follow the same rules of procedure that govern other litigants." *Id.* (internal quotation marks omitted).

## III. CLASSIFICATION CLAIM

The district court granted summary judgment to Captain Coulter on the classification claim because Mr. Thompson had not exhausted the prison grievance process. The court did not address Captain Coulter's alternative argument that Mr. Thompson's due-process classification claim failed as a matter of law because Mr. Thompson did not have a recognized property or liberty interest in his prison classification. But "we may affirm on any basis supported by the record, even if it requires ruling on arguments not reached by the district court or even presented to us on appeal." *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130 (10th Cir. 2011).

3

The Due Process Clause of the Fourteenth Amendment prohibits the government from depriving an individual of life, liberty, or property without due process of law. U.S. Const. amend. XIV. "To determine whether a plaintiff was denied procedural due process, we engage in a two-step inquiry: (1) Did the individual possess a protected interest to which due process protection was applicable? (2) Was the individual afforded an appropriate level of process?" *Washington v. Unified Gov't of Wyandotte Cty.*, __ F.3d __, 2017 WL 474322, at *6 (10th Cir. Feb. 6, 2017) (internal quotation marks omitted). Mr. Thompson's claim fails at the first step because "[a]s a matter of law, [he] has no liberty interest . . . in discretionary classification decisions by prison officials," *Gee v. Pacheco*, 627 F.3d 1178, 1193 (10th Cir. 2010). Therefore, summary judgment was appropriate on the classification claim, and Mr. Thompson's other contentions regarding this claim (which concern exhaustion) need not be addressed. Moreover, even if his classification was in error, we fail to see how it caused him any injury since his classification did not require that he be housed with RR or cause RR to assault him.

## IV. SEXUAL-ASSAULT CLAIM

Mr. Thompson's claim that Captain Coulter violated his Eighth Amendment protection against cruel and unusual punishment was dismissed for failure to exhaust. The Prison Litigation Reform Act (PLRA) requires a prisoner to exhaust the available administrative remedies before filing suit alleging that prison conditions violated his federally protected rights. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

4

administrative remedies as are available are exhausted."). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion requires *proper* completion of the grievance process. *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

As Mr. Thompson concedes, he did not file a timely grievance on the sexual assaults. Although he raises several arguments to try to escape the consequences of his failure to exhaust, they all miss the mark. First, he contends that he was prevented from filing a grievance on the sexual assaults because immediately after the assaults he was placed in segregation without his writing materials. In district court he alleged that "he was housed in 23 hour lockdown," R. at 440, and on appeal he alleges that he was kept in segregation for three weeks. True, "an administrative remedy is not 'available' under the PLRA if prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of the administrative remedy." *Tuckel*, 660 F.3d at 1252 (brackets and internal quotation marks omitted). Mr. Thompson has not alleged, however, that he attempted to file a grievance but was prevented, thwarted, or hindered from doing so by prison personnel. On the contrary, his opening brief on appeal seems to say that his reason for not filing a grievance is that he did not know that he needed to do so before suing. He has not shown that prison grievance procedures were unavailable to him.

Second, Mr. Thompson argues that he was not required to exhaust this claim because applying the PLRA violated his right of access to the courts. But this argument

5

was not preserved below. Mr. Thompson has not identified where he raised it in district court. Our review of the record reveals only one possible suggestion of an access-to-the-courts claim, but that suggestion does not mention the PLRA, relying only on an unsupported assertion that the "Utah Department of Corrections has complet[e] contr[o]l over whether they want to bar an inmate from redress of court by not allowing plaintiff to file a grievance." Proposed Amended Complaint Count III, R. at 410. "Absent extraordinary circumstances, we will not consider arguments raised for the first time on appeal." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1213 n.5 (10th Cir. 2003) (brackets and internal quotation marks omitted), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Moreover, we decline to consider whether there was plain error because Mr. Thompson has not argued the point. *See Richison*, 634 F.3d at 1131. For the same reasons, we do not consider Mr. Thompson's claim that he was entitled to equitable tolling based on the trauma he suffered from the sexual assaults.

Third, Mr. Thompson asserts that Captain Coulter waived the affirmative defense of failure to exhaust by first arguing that Mr. Thompson did not file a grievance at all and later claiming that the grievance was untimely. We disagree. Our review of the record does not reveal any inconsistencies in Captain Coulter's argument and certainly no failures that could be considered waiver of the defense.

Fourth, Mr. Thompson argues that the Prison Rape Elimination Act (PREA), 42 U.S.C. §§ 15601-15609, overrules the prison's grievance requirement. One of the purposes of the PREA is to protect inmates by "more effectively prevent[ing] prison rape," *id.* § 15605(b)(1)(A), and it authorizes federal grant money to states that adopt it,

*see id.* § 15607(e)(2)(A) (requiring states to certify compliance with the PREA in order to receive federal funds). One regulation under the Act requires that covered agencies "not impose a time limit on when an inmate may submit a grievance regarding an allegation of sexual abuse." 28 C.F.R. § 115.52(b)(1). But Utah has not adopted the PREA, so Mr. Thompson cannot rely on it. To the extent that he argues that the State of Utah should have adopted the PREA, he has provided no authority mandating adoption by states.

And fifth, Mr. Thompson contends that the district court erred in dismissing his claim with prejudice. We agree that "a dismissal based on lack of exhaustion should ordinarily be *without* prejudice." *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1139 (10th Cir. 2005). A without-prejudice dismissal would permit the prisoner to cure the defect if "the time permitted for pursuing administrative remedies has not expired." *Id.* (internal quotation marks omitted). But it is undisputed that the time for filing a grievance on Mr. Thompson's claim has expired. Allowing him another attempt to show exhaustion would be futile.

## V.     ADDITIONAL ALLEGED ERRORS

Mr. Thompson argues that the district court erred in failing to rule on the following matters before granting summary judgment to Captain Coulter: (1) his motion to file an out-of-time grievance, (2) his motion for the court to inspect his grievances filed in March 2014, and (3) his motion to amend his complaint. By entering final judgment, however, the court implicitly denied the pending motions. *See Hill v. SmithKline*

7

*Beecham Corp.*, 393 F.3d 1111, 1116 (10th Cir. 2004) (district court's failure to address arguments "may be properly construed as an implicit denial of those arguments").

Mr. Thompson next argues that the district court should have granted his request for appointment of counsel. But Mr. Thompson had no constitutional right to representation in his § 1983 lawsuit. *See Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006). We review "a district court's refusal to appoint counsel for an indigent prisoner in a civil case for abuse of discretion." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (internal quotation marks omitted). The district court did not abuse its discretion because Mr. Thompson has not demonstrated that denial of counsel "result[ed] in fundamental unfairness." *Id.* (internal quotation marks omitted).

Mr. Thompson also maintains that his procedural-due-process rights were violated because the district court did not instruct him on how to proceed, order the prison to hear his grievances on the merits, or do other unspecified things to help him. But as we said above, the court should not act as an advocate for a pro se litigant. *See Garrett*, 425 F.3d at 840.

## VI. CONCLUSION

We DENY Mr. Thompson's "Request to Submit for Reconsider," which seeks an order from this court requiring the prison to allow him to file a grievance, but GRANT Mr. Thompson's request for leave to proceed on appeal in forma pauperis. He is reminded that he is obligated to continue making partial payments until the entire filing fee has been paid. We also GRANT Captain Coulter's request to have part of the record on appeal remain under seal.

8

The district court's judgment is AFFIRMED.

Entered for the Court


Harris L Hartz
Circuit Judge