ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a). As a result, like the district court, this court lacks jurisdiction over Mr. Crandall's habeas petition, as he was not in custody when his instant petition was filed. The fact Mr. Crandall is attempting to overturn his Kansas conviction because it was used to enhance his Missouri sentence does not change the result. We have held that "even if the fully-expired conviction, has, in fact been used to enhance a subsequent sentence, it may not be attacked directly in a habeas action. Rather the attack must be directed toward the enhanced sentence under which the defendant is in custody." *Harvey v. Shillinger,* 76 F.3d 1528, 1537 (10th Cir.1996) (relying on *Maleng,* 490 U.S. at 491–92).

Thus, for the foregoing reasons, we **DENY** Mr. Crandall's request for a certificate of appealability and **DISMISS** his appeal.

Thomas A. Fleener, Asst. Fed. Pub. Def., Office of the Federal Public Defender, Cheyenne, WY, for Defendant–Appellant.

Before HENRY, McKAY, and HARTZ, Circuit Judges.

### ORDER

McKAY, Circuit Judge.

During oral argument, with exceptional and commendable candor, counsel for the government conceded that the evidence in this case is insufficient to support Defendant's conviction of being in actual physical control of a motor vehicle while under the influence of alcohol pursuant to 36 C.F.R. § 4.23(a)(1) and moved to remand the case to the district court with directions to dismiss the charge.*

We **GRANT** the government's motion and **REMAND** this case to the district court with directions to dismiss the charge for violation of 36 C.F.R. § 4.23(a)(1).

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**David K. ISHAM, Defendant–Appellant.**

No. 04–8107.

United States Court of Appeals,
Tenth Circuit.

May 16, 2005.

David A. Kubicheck, Asst. U.S. Attorney, Office of the U.S. Attorney, Casper, WY, for Plaintiff–Appellee.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Milan MATOUSEK, Defendant–Appellant.**

No. 04–3187.

United States Court of Appeals,
Tenth Circuit.

May 17, 2005.

* Defendant did not appeal his conviction for firearms, and it, therefore, stands.