**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 21, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DAVID K. ISHAM,

Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA;
STATE OF WYOMING,

Defendants - Appellees.

No. 17-8054
(D.C. No. 2:17-CV-00067-NDF)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Proceeding pro se,[1] David K. Isham appeals the district court's dismissal of his

complaint for failure to state a claim. We affirm.

**I**

In 2003, Isham was convicted of being in control of a vehicle while

intoxicated (DUI) and unlawfully possessing a loaded firearm in Grand Teton

---

[*] After examining the appellant's brief and appellate record, this panel has determined unanimously that oral argument wouldn't materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] We liberally construe pro se filings. But we won't act as an advocate for pro se litigants. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

National Park. He appealed the DUI conviction. The government admitted that the evidence was insufficient to support the DUI conviction, so we remanded to the district court with directions to dismiss that charge. *United States v. Isham*, 131 F. App'x 641, 641 (10th Cir. 2005) (unpublished opinion). The district court did so, and fined Isham $25 for his remaining conviction for unlawfully possessing a loaded firearm in Grand Teton. Order on Remand and Resentencing at 1, *United States v. Isham*, No. 04-mj-014 (D. Wyo. Sept. 1, 2005).

Almost a decade later, a potential employer ran a criminal background check on Isham and sent him a letter about the results. The potential employer asked Isham to provide information about four charges from 2003: "Loaded Firearm," "DUI," "Trespass- Federal," and "Possession Controlled Substance." R. 10. Isham believed this information was incorrect because his DUI conviction had been dismissed, so he turned to the court system for relief.

Isham alleged, under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), that the United States and Wyoming, "acting as 'one,'" violated his constitutional rights by failing to correct or clarify the information that appears in his criminal background check. R. 5–7. He asserted that he's been unable to get a job because of the inaccurate background-check information, and he asked for $675,000 in lost wages.

Isham sought to proceed in forma pauperis (IFP) in the district court. *See* 28 U.S.C. § 1915(a)(1). As such, the district court screened his complaint, *see id.* § 1915(e)(2)(B), and found that the information in his criminal background check—

2

as reflected in the letter from Isham's potential employer—accurately reflected the four crimes he'd been charged with in 2003. So the district court concluded that Isham failed "to suggest facts to support any claim against the [g]overnment or the State of Wyoming." R. 15; *see also* § 1915(e)(2)(B)(ii) (providing that district court "shall dismiss the case at any time" if it determines that the action "fails to state a claim on which relief may be granted"). Isham appeals.

## II

"We review de novo the district court's decision to dismiss an IFP complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Id.* (quoting *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002)).

On appeal, Isham seems to concede that the background check accurately reflects his 2003 charges. Nevertheless, he insists that the information is displayed in an intentionally misleading manner.[2] But he fails to explain why the district court was wrong to conclude that he failed to state a claim against the United States or

---

[2] Specifically, Isham argues that (1) it's misleading to list charges and convictions together without distinguishing which are which; (2) the phrase "loaded firearm" is misleading because the firearm wasn't loaded; (3) listing the firearm charge first is prejudicial because it makes the others seem worse; (4) the DUI should be "OUI"; and (5) more details, such as the $25 fine, should be included to minimize the seriousness of the charges. Aplt Br. 6.

3

Wyoming. *See Nixon v. City & Cty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) (noting appellant must "explain to us why the district court's decision was wrong"). Isham doesn't cite § 1983, *Bivens*, or any constitutional provisions. He references two statutes in his brief on appeal, but neither applies to him.[3] He also uses the words "defamatory," "defamed," and "slandered," Aplt. Br. 8–9, but he doesn't develop any argument related to a defamation or slander cause of action. *See Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994) ("[P]erfunctory complaints fail to frame and develop an issue sufficient to invoke appellate review.").

Construed liberally, Isham's brief argues that he has stated a claim simply because his background check displays information in a misleading manner. To state a claim under § 1983 or *Bivens*, Isham must allege facts supporting the violation of a constitutional right. *See* § 1983 (providing relief for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws"); *Big Cats of Serenity Springs, Inc. v. Rhodes*, 843 F.3d 853, 859–60 (10th Cir. 2016) (noting that *Bivens* allows individuals to sue federal officials for alleged violations of the First, Fourth, and Eighth Amendments). And put simply, Isham hasn't shown any constitutional deprivations. His complaint fails to state a claim under either § 1983 or *Bivens*.

Next, Isham complains about how the district court handled his complaint, stating that the district court "tried to use every avenue in which to dismiss or restrict

---

[3] Isham cites 15 U.S.C. § 78r and 47 U.S.C. § 217. But the former is a securities-law statute governing liability for misleading statements in securities reports, and the latter governs common carriers.

[his] access to the court system." Aplt. Br. 8. We understand that Isham may be frustrated with the district court's decision to sua sponte dismiss his complaint without a hearing. But the IFP statute requires district courts to dismiss an IFP action after reviewing the complaint, if, among other reasons, it fails to state a claim. While the IFP statute was designed to increase access to the court system for indigent litigants, it also sought to relieve an overburdened court system and preserve courts' resources for more deserving claims. *See Neitzke v. Williams*, 490 U.S. 319, 324, 326 (1989) (recognizing problems caused by meritless IFP complaints, including "that meritorious complaints will receive inadequate attention or be difficult to identify amidst the overwhelming number of meritless complaints"). Here, the district court followed the IFP statute and correctly dismissed Isham's complaint for failing to state a claim. *See* § 1915(e)(2)(B)(ii).

As a final matter, Isham also asserts that he "did not have the opportunity to motion for a court[-]appointed attorney." Aplt. Br. 2. But civil litigants don't have the right to court-appointed counsel, so to the extent Isham suggests the district court erred in failing to afford him such an opportunity, this argument lacks merit. *See Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) ("[A]s a civil litigant, [defendant] has no Sixth Amendment right to counsel."). He also complains that he hasn't "seen the transcripts from the original court proceedings." Aplt. Br. 2. Although it isn't clear what "original court proceedings" he's referring to, there were no proceedings in this case to transcribe; the district court dismissed his complaint without a hearing, as required by the IFP statute. *See* § 1915(e)(2)(B)(ii).

\*     \*     \*

Because Isham's complaint doesn't state a claim on which relief could be granted, we affirm the district court's dismissal of this case.

Entered for the Court


Nancy L. Moritz
Circuit Judge